HON. JOSEPH T. COPELAND,
HON. GEORGE MARTIN,
HON. SAMUEL T. DOUGLASS,
HON. ABNER PRATT,   ⎫ JUDGES.
HON. CHARLES W. WHIPPLE,
HON. WARNER WING,
HON. DAVID JOHNSON,

---

## HARVEY vs. CADY.

Where parties entered into a special contract for digging a ditch, the terms of which were clear and explicit, *Held*, that no rule adopted by surveyors or civil engineers, or any custom of the country, in relation to digging ditches from point to point over low and uneven land, could be introduced in proof to vary the terms of the contract.

Error to Macomb Circuit Court.

This was an action of assumpsit, originally brought by the defendant in error, against the plaintiff in error, in the Ma-

comb County Court, on a written contract, signed by the parties, and in which, among other things, the plaintiff in error agreed to clear, within a specified period of time, a certain piece of land; and the defendant in error agreed to dig thereon a certain ditch "two feet deep, and eighteen inches wide at the bottom," &c.

The cause was tried by a jury in the County Court, and a verdict returned for the defendant in error, upon which judgment was entered. The plaintiff in error sued out a writ of certiorari, and removed the same into the Circuit Court, where the judgment of the County Court was reversed in part, and affirmed in part. Thereupon, the plaintiff in error sued out a writ of error, and brought the same into this Court.

*R. P. Eldredge*, for plaintiff in error.

*H. D. Terry*, for defendant in error.

By the Court, PRATT, J.

This is a case that may be summarily disposed of. But two errors are assigned by the plaintiff in error for a reversal of the judgment below, and they are alleged to consist in the ruling of the County Court, in not permitting the plaintiff in error to prove, under objection, on the trial of the cause in that Court, first, " the rule among professors of surveying and civil engineering, for digging ditches," and secondly, " the general custom of the country, in digging ditches from point to point, over low and uneven ground."

The evidence which the plaintiff in error thus sought to introduce, as affirmative proof in the case, was clearly objectionable, and the County Court was right in rejecting it as inadmissible. The ditch in issue was to have been dug under a special contract, the terms of which were explicit and clear. Any rule, therefore, which may have been adopted, if any,

by professors of surveying and civil engineering, for digging ditches, could not legally alter, or in any manner change the terms of the contract. Nor could any general custom of the country which may have prevailed in relation to digging ditches from point to point, over low and uneven ground, have any such effect. The parties were bound by their own stipulations on the subject. The judgment of the Circuit Court, therefore, must be affirmed, with costs.