CHARLES B. LAMB v. CHARLES M. HENDERSON ET AL.

*Contract—Custom or usage—Expense account of traveling salesman.*

Plaintiff agreed to act as *traveling* salesman for defendants for one year, subject to their directions, and was to receive $125 per month during the year, and funds to pay his *traveling* expenses. During the year he had occasion to visit the head-quarters of defendants, in Chicago, on their business, who declined to pay his expenses while *in* the city, claiming and offering to show that such was their custom, as also of other dealers in the same kind of merchandise ; and that *traveling expenses* had reference to expenses incurred when upon the *road* selling goods. The court excluded the testimony as to custom, it not appearing that plaintiff was notified of any such usage, and instructed the jury that he could recover his necessary expenses while in the city, if he went there *necessarily,* on the business of defendants.

*Held,* that the testimony as to the alleged custom was properly excluded, the decisions in this State being uniform that *custom* cannot change a *definite* contract, and that no custom is binding which is not certain, definite, uniform, and notorious.

*Held,* further, that under the contract all traveling expenses incurred in plaintiff's *actual* and *legitimate* work were recoverable, including his hotel bills while in Chicago.

Error to Kalamazoo. (Mills, J.) Argued October 7, 1886. Decided October 21, 1886.

Assumpsit. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Howard & Roos,* for appellants:

Proof of usage is admitted either to interpret the meaning of the *language* of the contract, or to ascertain its *nature* and *extent,* when the meaning is *equivocal* and *obscure,* or in the absence of express stipulations:    *Cutter v. Powell,* 6 T. R. 320; *Vallance v. Dewar,* 1 Campb. 503; *Noble v. Kennoway.* 2 Doug. (K. B.) 510; 1 Greenleaf, Ev. § 292.

As to right to prove custom as affecting the contract in question, see *Reg. v. Stoke,* 5 Adol. & El. (N. S.) 303; *Grant v. Maddox,* 15 M. & W. 737; *Lethulier's Case,* 2 Salk. 443; *Taylor v. Briggs,* 2 C. & P. 525; *Gorrissen v. Perrin,* 27 L. J. C. P. 29; *D ina v. Fiedler,* 2 Kern. 40; *Brown v. Brooks,* 25 Penn. St. 210; *Allan v. Comstock,* 17 Ga. 554.

The existence of a special agreement does not prevent such proof unless clear as to very point sought to be proved: *Dixon v. Dunham,* 14 Ill. 324; *Crawford v. Clark,* 15 Id. 561; *Munn v. Burch,* 25 Id. 35; *Home Ins. Co. v. Favorite,* 46 Id. 263; *Ledyard v. Hibbard,* 48 Mich. 421.

*Jacob V. Rogers,* for plaintiff:

The testimony as to custom was properly excluded:    *Harvey v. Cady,* 3 Mich. 431; *Erwin v. Clark,* 13 Id. 10; *Advertiser & Tribune Co. v. Detroit,* 43 Id. 116; *New York Iron Mine v. Citizens' Bank,* 44 Id. 344; *Ledyard v. Hibbard,* 48 Id. 421; *McLennan v. McDermid,* 50 Id. 379; *Van Hoesen v. Cameron,* 54 Id. 609; *Wadsworth v. Allcott,* 6 N. Y. 64; *Paine v. Howells,* 90 Id. 660; *Evans v. Myers,* 25 Penn. St. 114; *Linsley v. Lovely,* 26 Vt. 123; *Dixon v. Dunham,* 14 Ill. 324.

CAMPBELL, C. J.    Plaintiff sued defendants, who are the firm of C. M. Henderson & Co., for a balance of pay as traveling salesman.    He was a resident of this State before and during his employment, and defendants did business in Chicago.    The record does not show the character of their business, unless from some indirect allusions we may infer it included some kinds of leather, and possibly India-rubber goods.

Plaintiff was employed under this written agreement:

CHICAGO, December 21, 1883.
"It is hereby understood and agreed that C. B. Lamb is to

give his services and best efforts to the interests of C. M. Henderson & Co. as traveling salesman during the entire time of the year 1884, subject to their directions; and that, in consideration of his faithfully carrying out this agreement, C. M. Henderson & Co. are to pay him $125 per month during said year, and furnish funds for his traveling expenses. It is further understood that said C. M. Henderson & Co. are not bound to pay said C. B. Lamb for any portion of his time when he fails, through illness, or any other cause, to perform the duties of his position.

[Signed]                   " C. M. HENDERSON & Co.
                           " C. B. LAMB."

Plaintiff performed the services called for, and was paid for everything except certain expenses in the city of Chicago. Defendants claimed he had no right to pay for his expenses in that city.

An objection was raised to a ruling of the court refusing to admit a question on cross-examination, whether the articles which plaintiff took to Chicago might not as well have been sent by express. Plaintiff had sworn that the samples were in his charge to be looked after personally, and taken care of on his personal responsibility, and that as long as they were in his possession he was obliged to go when they did, and he had no orders to send them in by express.

There was no denial or contradiction of this testimony. This being so, plaintiff had no duty laid upon him to intrust them to anyone else; and, in the absence of any proof that his conduct was unusual or was complained of, he could not be bound to put the property out of his personal custody.

The court charged upon these Chicago expenses in this way:

" Now, I instruct you, as a matter of law, under the contract in this case, if the plaintiff went to Chicago on these various occasions and various trips on the business of the defendants, necessarily, that he would be entitled to recover of them the expenses that he was reasonably to in going there, returning from there, and for his hotel bills while in the city. Of course, to entitle him to recover, you must be satisfied by a preponderance of evidence that he went to Chicago,

at the various times that he claims he did, necessarily, and about the business of the defendants."

A further charge was identical in effect.

In connection with this should be considered a ruling on evidence concerning custom. Testimony was put in by defendants, but taken from the jury,—

" Tending to show that it was their custom not to pay the expenses of their traveling salesmen while at the city of Chicago, and that it was the general custom among dealers in the same class of merchandise as defendants in the city of Chicago not to pay the expenses of their traveling salesmen while they were at head-quarters, that is, at the city of Chicago; and that traveling expenses had reference to those expenses incurred by salesmen when upon the road engaged in selling goods."

The court was right in rejecting this testimony. The decisions in this State are uniform that custom cannot change a definite contract, and that no custom is binding which is not certain, definite, uniform, and notorious. *Harvey v. Cady,* 3 Mich. 431; *Erwin v. Clark,* 13 Id. 10; *Hutchings v. Ladd,* 16 Id. 493; *Advertiser & Tribune Co. v. Detroit,* 43 Id. 116; *Ledyard v. Hibbard,* 48 Id. 421; *Greenstine v. Borchard,* 50 Id. 434.

No attempt was made to bring notice ol this usage to the knowledge of plaintiff. It is a misnomer to speak of a custom of a single person as a legal usage. It is not much better to give that name to a local method, confined in that locality to certain classes of goods, when the same necessity for the same kind of employment is common to it with many others. No doubt parties may adopt by their dealings any method they choose, but no one can be presumed to contract in view of any undisclosed custom which has not become general, and publicly known and followed.

Taking this contract as it reads, it is clear that all traveling expenses in the actual and legitimate work of the plaintiff were recoverable. It is not questionable that such sales

men must occasionally, at least, visit head-quarters, and in this case it was evidently done without dispute as to its propriety. The very terms of the alleged custom would show it to be expected. There is no conceivable reason why the salesman should be compelled to make such journeys at his own cost. The charge of the court confined the plaintiff's recovery to necessary visits on defendants' business. This was sufficiently restricted.

No other points seem to call for attention.

The judgment must be affirmed.

The other Justices concurred.