THOMAS M. ARMSTRONG ET AL. v. THE WESTERN MANUFACTURERS' MUTUAL INSURANCE COMPANY.

*Fire insurance—Standard policy—Action.*

1. Contracts of insurance, so far as the public are concerned, stand upon no different basis than other contracts.
2. The object of How. Stat. §§ 4344-4353, which provide for what is known as the "Michigan Standard Fire Insurance Policy," was to protect policy-holders, provide a policy fair to both parties, and avoid litigation.
3. A fire insurance policy containing a clause not provided for by the Michigan standard policy is not void, but voidable at

the option of the insured; citing *Beecher v. Mill Co.*, 45 Mich. 103.

Error to Kent. (Grove, J.) Argued February 8,. 1893. Decided March 10, 1893.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*C. J. Pailthorp* and *B. T. Halstead ( Taggart, Wolcott & Ganson,* of counsel), for appellants.

*Norris & Norris (Myron H. Beach,* of counsel), for defendant, contended:

1. This Court has always held that contracts prohibited by statute are void, and cannot be enforced by either party; citing *Bank v. Niles,* 1 Doug. 411; *Smith v. Barstow,* 2 Id. 161; *Orr v. Lacey,* Id. 253; *State v. How,* 1 Mich. 512; *Bagg v. Jerome,* 7 Id. 157; *Davis v. Seeley,* 71 Id. 214; *Eddy v. Insurance Co.,* 72 Id. 651; and the same has been the ruling in cases of contracts made on Sunday, though the Sunday law does not, in express terms,. declare such contracts void; citing How. Stat. § 2015;. *Adams v. Hamell,* 2 Doug. 73; *Tucker v. Mowrey,* 12 Mich. 379; *Winfield v. Dodge,* 45 Id. 355; *Brazee v. Bryant,* 50.Id. 140; *Costello v. Ten Eyck,* 86 Id. 351; and a like rule has been enunciated in cases where contracts within the powers of corporations have been made without the observance of statutory forms; citing *Detroit v. Paving Co.,* 36 Mich. 344; *Detroit v. Robinson,* 38 Id. 108; *Water Works v. Niles,* 59 Id. 315.
2. The defendant is prohibited by statute from suing on this contract; citing How. Stat. § 8136; *Thompson v. Waters,* 25 Mich. 235; *Chapman v. Colby,* 47 Id. 46; and contracts which bind one party, and not the other, are void for want of mutuality; citing *Wilkinson v. Heavenrich,* 58 Mich. 574; *Pierce v. Pierce,* 55 Id. 629; *Scott v. Bush,* 26 Id. 418.

GRANT, J. This is an action to recover for loss by fire upon a policy of insurance issued by the defendant to the plaintiffs. The learned circuit judge excluded the policy, and directed a verdict for the defendant, upon the ground that the policy was void under the law of this State. in

regard to insurance companies, because it contained a clause not provided for by the Michigan standard policy.

Section 6 of the insurance act prohibits the issue of any policy containing any other or different terms or conditions than those expressed in the Michigan standard policy. It then declares:

"Every policy or contract made or issued contrary to the provisions of this act shall be void."

Certain exceptions are provided for in the statute, which do not affect this case. How. Stat. § 4349.

At the top, upon the back of the policy, where the usual indorsements are made, are printed in large type the words, "Michigan Standard Policy." The policy contains 119 lines, the first 112 of which are in exact conformity with the policy provided by the statute. Then follows the clause which is not provided for in the statute.

We think the court was in error. In construing this statute we must consider the purpose which the Legislature had in view. It was not to subserve any public policy. Contracts of insurance, so far as the public are concerned, stand upon no different basis than other contracts. The object was to protect policy-holders, and to provide a policy fair to the insured and the insurer, and avoid litigation. It was undoubtedly well known to the Legislature that policy-holders do not usually examine and scrutinize their policies with the same care that they do other contracts which they make, involving their ordinary business transactions. The statute imposes a penalty upon an insurance company for issuing such a policy, but imposes none upon the insured. In using the word "void" the Legislature certainly did not contemplate that an insurance company might insert a clause not provided for in the standard policy, receive premiums year after year upon it, and, when loss occurs, say to the insured, "Your policy is void, because we inserted a clause in it contrary to

the law of Michigan." Such a result would be a reproach upon the Legislature and the law. The law, so construed, instead of operating to protect the insured, would afford the surest means to oppress and defraud them, and thus defeat the very object the Legislature had in view. This statute comes clearly within that class of cases which holds the word "void" to mean "voidable." We think it comes within the principle laid down in *Beecher v. Mill Co.*, 45 Mich. 103, and authorities there cited.

Under this view of the case it becomes unnecessary to discuss the question of estoppel.

Judgment reversed, and new trial ordered.

The other Justices concurred.