COVERDILL *v.* NORTHERN INSURANCE CO. OF NEW YORK.

1. INSURANCE—SOLICITOR DEFINED.
    Under section 1, chap. 3, pt. 2, Act No. 256, Pub. Acts
    1917, an insurance solicitor is defined as any person act-
    ing under express authority from an agent having author-
    ity to appoint solicitors to solicit insurance for such agent,
    but without the power or authority to issue or counter-
    sign policies or otherwise bind any company of which such
    agent may be the duly authorized representative.

2. SAME—BURDEN OF PROOF—AUTHORITY OF SOLICITOR.
    In an action on an insurance policy, the burden of proof
    to establish the authority of the solicitor is on the insured.

3. SAME—CONSTRUCTION OF STATUTE—SOLICITOR ACTING WITHOUT
    LICENSE.
    Although the statute (section 5, subd. 1, chap. 3, pt. 2,
    Act No. 256, Pub. Acts 1917) makes it unlawful for one
    to act as an insurance solicitor without a license, the
    statute must be construed to protect policy holders, and
    not to defeat their rights.

4. SAME—ESTOPPEL.
    An insurance company which has received the premium
    of the insured under circumstances leading the insured
    to believe he is receiving, in consideration thereof, a valid
    contract of insurance, is estopped from afterward repudiat-
    ing the contract.

5. SAME—INSURER BOUND BY ACTS OF SOLICITOR WITHIN APPARENT
    SCOPE OF AUTHORITY ALTHOUGH NOT LICENSED BY STATE.
    Where a solicitor solicits insurance, collects the premium,
    and delivers the policy, he clearly acts within the ap-
    parent scope of his authority, especially where the insur-
    ance company receives and keeps the premium, and it
    may not repudiate liability after a loss on the ground
    that the solicitor was not licensed by the State.

6. SAME—AGENT BOUND BY ACTS OF EMPLOYEES.
    That the solicitor who delivered the policy and collected
    the premium was not an authorized agent did not in-

validate the insurance, since insurance agents generally transact their business by and through employees, and when they do so the acts of these employees are as binding upon the insurance company as though done by the agents themselves.

7. SAME — NOTICE OF REMOVAL GIVEN TO SOLICITOR APPARENTLY ACTING AS AGENT BINDING ON INSURER.

Where an insurance company and its authorized agent had notice of the custom of a solicitor of said agent in putting a ·sticker with his name and address on the policies solicited and delivered by him, notice to him of the removal of the insured property to another location was binding on the insurer, although neither it nor its agent were ever notified of such removal.

Error to Wayne; Law (Eugene F.), J., presiding. Submitted April 27, 1928.    (Docket No. 151, Calendar No. 33,544.)    Decided July 24, 1928.

Assumpsit by Fred W. Coverdill and another against the Northern Insurance Company of New York on a policy of insurance.    Judgment for plaintiffs.    Defendant brings error.    Affirmed.

*Frederick J. Ward,* for appellant.

*Bryant, Lincoln & Miller,* for appellees.

POTTER, J.    Plaintiffs sued defendant on a contract of insurance, alleging the loss by fire of the personal property insured by them in defendant, and defendant's failure to pay.    Defendant, under the general issue, gave notice of several defenses, only one of which is important—that the policy of insurance covered the personal property in a particular location and defendant never consented to insure the property in any other location.    One Gamble solicited the insurance, delivered the policy, and collected the premium.    The policy was issued by the Guthard Insurance Agency and countersigned by it.    The defendant received and

kept the premium.    After the policy was issued, plaintiffs moved the personal property to a new location and notified Mr. Gamble of such removal, who neglected to notify the Guthard Insurance Agency.    A loss occurred.    Defendant denied liability upon the ground it had not consented to the change in the location of the property.    There was verdict for plaintiffs. Judgment was rendered thereon.    Defendant appeals.

The important question is whether, under the law prohibiting, under appropriate penalties, persons from acting either as insurance agents or as solicitors of insurance (Act No. 256, Pub. Acts 1917 [Comp. Laws Supp. 1922, § 9100]), an insurance company may receive and keep the premium paid by the insured to purchase and pay for a contract of insurance against loss, regularly executed by the insurance company by its authorized agents, and, after the purchaser of the policy has suffered loss, evade liability on the contract because the solicitor or other employee of its agent was not licensed to solicit the insurance, deliver the policy, or collect the premium which it has received and kept.

An insurance solicitor is defined as any person acting under express authority from an agent having authority to appoint solicitors to solicit insurance for such agent, but without the power or authority to issue or countersign policies or otherwise bind any company of which such agent may be the duly authorized representative.    Section 1, chap. 3, pt. 2, Act No. 256, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 9100 [87]).    A solicitor  is merely a special agent. 32 C. J. p. 1067.    The burden of proof to establish the authority of such solicitor was on plaintiffs.    *Gore* v. *Assurance Co.,* 119 Mich. 136; 1 Mechem on Agency (2d Ed.), § 276.    Although the statute makes it unlawful for one to act as an insurance solicitor without a license (section 5, subd. 1, chap. 3, pt. 2, Act No.

256, Pub. Acts 1917 [Comp. Laws Supp. 1922, § 9100 (91)]), this statute must be construed to protect policy holders, and not to defeat their rights. *Armstrong* v. *Insurance Co.*, 95 Mich. 137; *Pollock* v. *Insurance Co.*, 127 Mich. 460.

An insurance company which has received the premium of the insured under circumstances leading the insured to believe he is receiving, in consideration of the payment of such premium, a valid contract of insurance, is estopped from afterward repudiating the contract. *Michigan State Ins. Co.* v. *Lewis*, 30 Mich. 41; *Peoria Marine & Fire Ins. Co.* v. *Hall*, 12 Mich. 202; *Ætna Live Stock, Fire & Tornado Ins. Co.* v. *Olmstead*, 21 Mich. 246 (4 Am. Rep. 483); *North American Fire Ins. Co.* v. *Throop*, 22 Mich. 146 (7 Am. Rep. 638).

The insured is not interested in the solicitor's license from the State. The question is whether the solicitor acted within the apparent scope of his authority. When, as in this case, the solicitor solicits the insurance, collects the premium, and delivers the policy, he clearly acts within the apparent scope of his authority, especially where the insurance company receives and keeps the premium. *Gore* v. *Assurance Co.*, 119 Mich. 136. That the solicitor who delivered the policy and collected the premium was not an authorized agent did not invalidate the insurance. Insurance agents generally transact their business by and through employees, and when they do so the acts of these employees are as binding upon the insurance company as though done by the agents themselves. *Steele* v. *Insurance Co.*, 93 Mich. 81 (18 L. R. A. 85); *Pollock* v. *Insurance Co.*, 127 Mich. 460; *Pelican Assurance Co.* v. *Schildknecht*, 128 Ky. 351 (108 S. W. 312); 2 Wood on Insurance (2d Ed.), § 414, p. 852; 32 C. J. p. 1069.

In *Pollock* v. *Insurance Co., supra,* plaintiff placed

the insurance with Bierce & Sage, agents. They procured the policies from Gaukler, defendant's agent. The policies, when delivered by Bierce & Sage, contained their advertising stickers. They collected the premiums and settled with Gaukler, who paid defendant. An employee of Bierce & Sage was notified of the removal of the insured property to another location. A loss occurred. It is said:

"After the fire, it was discovered that these two policies had not been formally transferred to the new location by transfer slips actually affixed to the policies, although plaintiffs supposed all insurance had been transferred, and Bierce & Sage did not know until after the fire that the transfer had not been made. It does not appear why the transfer was not made upon the policy in suit. Mr. Gaukler had died before the trial. The policy was never canceled, nor was a return or tender of any portion of the premium money made."

When defendant was notified of the fire it denied liability because there had been no consent to a transfer of the policy. It was held the insurance company was liable. We think that case governs this.

Judgment is affirmed.

FEAD, C. J., and NORTH, WIEST, and McDONALD, JJ., concurred with POTTER, J.

SHARPE, J. (*concurring*). The law defining an agent of an insurance company, referred to in *Pollock* v. *Insurance Co.*, 127 Mich. 460, was changed by Act No. 256, Pub. Acts 1917, pt. 2, chap. 3, § 1 (Comp. Laws Supp. 1922, § 9100 [87]). The distinction between an agent and a solicitor, under this act, was pointed out in *Serbinoff* v. *Insurance Co.*, 242 Mich. 394. What was there said need not be here repeated. The relationship of Gamble to the Guthard Insurance Agency was peculiar. A "red sticker" was pasted

upon the policy delivered to plaintiffs, upon which was printed:

"ROBERT S. GAMBLE
General Insurance
204 Whitney Building.     1140 Griswold Street
Detroit, Michigan.
Telephone Main 2044."

The arrangement under which Gamble secured insurance for this agency was as follows: He solicited the insurance, procured the policies to be prepared and signed by employees of the agency, often without the personal knowledge of Mr. Guthard, delivered the policies, and collected the premiums. Once each month a statement of the business done was prepared by clerks in the office, and Gamble turned over to the agency 20 per cent. of the commission, to which it was entitled from the company, and retained 80 per cent. for his services.

It further appears that these stickers were placed upon the policies by the office employees of the agency, and by its authorization. After completion, the policies were placed in an envelope in a drawer of Gamble's desk for delivery. The name of the agency was frequently written on the policy by one of the clerks, and initialed on its behalf.

A large business had been transacted by Gamble for the defendant in this way, extending over a period of more than 10 years, as many as 30 policies having been written in one month.

It also appears that on many occasions policies had been sent to the defendant bearing these red stickers, and no objection had ever been made by the defendant to their use. The policy itself, when delivered, would thus inform the assured that the person to whom notice of removal should be given was Gamble. As these stickers were put upon the policies by direction of the Guthard agency, and with the knowledge and at least the implied consent of the company, I

do not think the defendant can, after loss, insist that notice of removal given to Gamble was not notice to the Guthard agency and chargeable as notice to the defendant.

I concur in the conclusion reached by Mr. Justice POTTER that the judgment should be affirmed.

FELLOWS and CLARK, JJ., concurred with SHARPE, J.