## CHANEY v. LAKE DRIVE GARAGE.

1. MASTER AND SERVANT—QUESTION FOR JURY.

On issue as to whether plaintiff, as sales manager of defendant sales agency, was to receive $35 a week in addition to commission on sales, evidence *held*, to justify verdict for plaintiff.

2. CUSTOMS AND USAGES—EVIDENCE—CONTRACTS.

Where there was evidence of unambiguous agreement by defendant sales agency to pay plaintiff as sales manager commission on all cars sold, and defendant's bookkeeper testified that plaintiff had been given credit on that basis on the books, testimony as to custom among sales agencies not to pay sales manager commission on used cars sold was properly excluded.

3. APPEAL AND ERROR—EVIDENCE.

Objection that questions asked were immaterial may not be raised for first time in appellate court.

4. SAME—OBJECTIONS—INSTRUCTIONS.

Objections to sufficiency of charge may not be made in appellate court, where there were no requests to charge and no objections to charge in trial court.

Error to Oakland; Doty (Frank L.), J. Submitted October 9, 1930. (Docket No. 48, Calendar No. 35,098.) Decided December 2, 1930.

Assumpsit by Alvin B. Chaney against Lake Drive Garage, Incorporated, a Michigan corporation, under an employment contract. From verdict and judgment for plaintiff, defendant brings error. Affirmed.

*A. L. Moore,* for plaintiff.

*Schulte & Pare,* for defendant.

BUTZEL, J.   Plaintiff was employed as sales manager by defendant, which conducted a garage and motor sales establishment at Farmington, Michigan. The terms of the verbal employment contract are in dispute.   There was a clear-cut issue as to whether plaintiff was to receive $35 a week in addition to 2 per cent. commission on all sales.   The jury found in plaintiff's favor.

Defendant's business was run by William F. Goers, who was president of defendant corporation and its general manager.   Plaintiff claims that he had been employed on a 2 per cent. commission basis, but when he was appointed general sales manager he stated to Goers that he could not afford to remain on that basis and demanded $35 a week salary in addition to the commission.   He claims that Goers put him off from time to time until he threatened to leave the employ of defendant.   Thereupon Goers told him not to leave and that the proposed arrangement would be "all right with me." The defendant corporation consisted of Goers, his wife and his father, sole stockholders and directors. Goers claimed that the contract had been previously discussed at a meeting of the board of directors who refused to sanction it.   Plaintiff further testified that he had spoken to Goers' wife who also told him that the arrangement was all right with her and that the entire matter was up to Goers, who was running the business.   Defendant did not produce Mrs. Goers as a witness, and plaintiff's testimony as to what Mrs. Goers said is not denied.   William F. Goers further testified that at a meeting at the garage at which plaintiff was present, Fred Goers, the financial backer of the company, refused to sanction the payment of $35 a week.   The latter, however, testified that he did not believe this subject

was mentioned at the meeting. No definite term of employment was entered into. Plaintiff claimed and recovered for his services while he acted as sales manager for a period of approximately six months.

There was sufficient testimony to justify the jury's verdict in favor of plaintiff. It was not against the great weight of the testimony, one of the errors claimed by defendant.

Error is claimed because defendant was not permitted to introduce testimony showing that the custom of sales agencies was not to pay sales managers a percentage on the sale of used cars. Had there been any ambiguity or uncertainty in the oral agreement, the testimony of usage and custom would have been proper. *Karwick* v. *Pickands,* 171 Mich. 463; *Saginaw Milling Co.* v. *Schram,* 186 Mich. 52. In the present instance, however, plaintiff claims that there was an express agreement to pay him 2 per cent. commission upon the sale of all cars, including used ones. There is nothing doubtful or ambiguous about this claim, and what other smaller or larger sales agencies paid their sales managers would not be material in the present case. Plaintiff showed by defendant's own bookkeeper that during the entire period of his employment, he was given credit at the rate of 2 per cent. on all cars sold, both new and second-hand. The statements were checked by Mrs. Goers and plaintiff was paid on this basis. Here was a certain unambiguous agreement claimed by plaintiff, with ample proof that not only had it been agreed to but carried out by defendant. Under the circumstances, there was no error in excluding testimony of the custom of others. It was not material. *Showen* v. *J. L. Owens Co.,* 182 Mich. 264, 276.

Further error is claimed on account of certain prejudicial questions that were irrelevant and im-

material which were asked plaintiff in regard to Goers. Some of the questions were improper, though partly prompted by issues in the case. If they had been objected to, they should have been excluded. Defendant's counsel made no objections whatsoever, except in one instance, whereupon the question was promptly excluded by the circuit judge. Counsel can not sit idly by and permit questions to be asked without any objection on their part and then ask for a reversal on account of their admission. It is true that some questions may be so damaging in themselves so that even their exclusion might not remedy the mischief. However, such objections should not be raised for the first time in the appellate court. This is equally true in regard to the charge of the court. No argument was made to the jury; there were no requests to charge and no objections made to the charge of the court. Defendant's counsel is now precluded from objecting to the sufficiency of the charge. There are other minor errors claimed, but we do not deem them of sufficient importance to merit any discussion.

The judgment is affirmed, with costs.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.