## MUNRO v. BOSTON INSURANCE COMPANY.

1. INSURANCE—EXPIRATION OF FIRE POLICY.
    No obligation rests on an insurer under a fire insurance policy covering real estate to seek the execution of another contract of insurance upon the expiration of a policy.

2. SAME—EXTENSION OF FIRE POLICY—ESTOPPEL—CUSTOM OF NOTIFYING INSURED OF EXPIRATION.
    Liability under an unambiguous contract of fire insurance may not be extended beyond term of contract by claimed estoppel arising from nonobservance of local custom of insurance agents to notify insured of expiration of policy.

3. CONTRACTS—WRITTEN—CUSTOMS AND USAGES.
    Generally, an unambiguous written contract cannot be varied or contradicted by proof of usage.

4. SAME—ESTOPPEL—WAIVER.
    The doctrine of estoppel and waiver may not be invoked to bring into existence a contract not made by the parties nor to create a liability contrary to the express and unambiguous provisions of the contract the parties did make.

5. SAME—FIRE AFTER EXPIRATION OF POLICY.
    Directed verdict and judgment were properly entered for insurer in action against it by insured, where fire occurred about 5 months after specified terminal date of 5-year fire insurance policy on which premiums had been paid in installments, notwithstanding the local insurance agency had not followed the custom of the area in notifying the policyholder of the expiration of his policy.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur, Insurance §§ 317–323, 525.
[2] 29 Am Jur, Insurance § 525; 29A Am Jur, Insurance § 1095.
[3] 55 Am Jur, Usages and Customs § 30.
[4] 12 Am Jur, Contracts §§ 12–15, 226 *et seq.*
[5] 29 Am Jur, Insurance §§ 317–323; 29A Am Jur, Insurance § 1286 *et seq.*

Appeal from Genesee; Parker (Donn D.), J. Submitted June 5, 1963. (Calendar No. 15, Docket No. 49,866.) Decided July 17, 1963.

Action by Lawrence V. Munro and Betty Munro against Boston Insurance Company, a foreign corporation, for reimbursement of loss by fire, claimed due because of failure to give customary notification of expiration date of policy. Directed verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Walter J. Barkey* (*Douglas M. Philpott,* of counsel), for plaintiffs.

*Davies & Moesta* (*Joseph R. Brom,* of counsel), for defendant.

CARR, C. J. This is an action to recover on an insurance policy issued by defendant Boston Insurance Company to plaintiffs, covering property which plaintiffs were purchasing under a land contract. The buildings in question were located in Tyrone township, Livington county. Said policy was dated August 29, 1955, and by its terms covered direct loss by fire. The date of expiration was specifically stated as August 29, 1960. Attached to the policy was an installment premium indorsement which by its terms allowed the premium specified, which was the sum of $98.88, to be paid in installments. The first of such installments, due on the effective date of the policy, was in the sum of $24, and the ensuing 4 installments of $18.72 were payable on each "anniversary date."

The policy in question was written by a local agency operating under the name of "Preferred Insurance Agency", which was subsequently sold to other parties who continued its operation as the

"Holly Insurance Agency." Said agency was joined as a party defendant in this case but subsequently, by stipulation, suit was dismissed as to it. Said agency, as it is claimed, did not notify plaintiffs either before or after August 29, 1960, that the policy would expire, or had expired, on said date. Apparently neither defendant nor the Holly Insurance Agency desired to execute another agreement for insurance on plaintiffs' property.

The dwelling house covered by the insurance policy executed for the 5-year term on August 29, 1955, was destroyed by fire occurring January 23, 1961. It is the claim of plaintiffs that they were then advised that the policy issued by defendant had expired in accordance with its specific terms and, in consequence, that defendant was not liable to reimburse plaintiffs for their loss in accordance therewith. Suit was then instituted by plaintiffs on the basis of an alleged custom observed by insurance companies operating in the area to give notice of the expiration date of a fire insurance policy immediately prior to said date, that neither defendant nor its agent, the Holly Insurance Agency, had sent "any notice of cancellation of the described policy" to plaintiffs, and that, in consequence, plaintiffs were damaged to the extent of the amount of coverage under the terms of the policy.

In substance, plaintiffs asserted the right to recover on the theory that defendant insurance company was estopped to deny liability under the policy. Such was the theory on which the case was tried in circuit court. Counsel for plaintiffs in his opening statement to the jury at the outset of the trial indicated the position of the plaintiffs in the following language:

"The whole theory of this lawsuit, members of the jury, is that this Boston Insurance Company they

say in the law is estopped, or can't come into court and say there is no policy now because of their failure to notify the policyholders through their agent of this loss."

Defendant by its answer to plaintiffs' declaration denied that it was obligated either by contract or custom to advise policyholders with reference to the expiration of policies. On the trial it relied on the provisions of the contract and the fact that the date of expiration was specifically set forth therein. On the trial before the jury testimony was offered on behalf of plaintiffs with reference to the custom on which they relied, such proofs tending to show that agencies writing insurance agreements in the community, including the Holly Insurance Agency, observed the practice of sending notices to holders of policies with reference to premiums falling due thereunder and, in some instances at least, advising as to the date of expiration of the coverage. There is no testimony in the record before us, however, tending to establish the existence of such practice in the absence of a desire on the part of the insurer to issue a new policy for the purpose of extending the insurance coverage.

At the conclusion of plaintiffs' proofs counsel for defendant moved for a directed verdict. Following argument by counsel on the motion, the trial court concluded that under the unambiguous terms of the policy plaintiffs' theory that liability was extended beyond the date of expiration named therein was not tenable. Accordingly a verdict of no cause of action was directed, and judgment was entered accordingly. Plaintiffs have appealed.

Counsel for appellants in their brief state the principal question that they claim to be involved in the following language:

"May the acts of the defendant insurer's agent, in adopting and applying the local custom of notifying policyholders of expiration dates and renewal premiums, establish an estoppel so as to preclude the insurer defendant from forfeiting an insurance contract with the plaintiffs when said defendant's agent fails to inform plaintiff policyholders of the expiration date?"

Such statement indicates the theory on which the case was presented in the trial court and on which it is argued on appeal. It is obvious, however, that we are not here dealing with the *forfeiture* of an insurance contract because of failure to comply with its terms and conditions. This is not a situation in which liability is denied by an insurer because of failure to pay premiums when due. Cases involving such situations, with the usual claim of waiver and consequent estoppel to deny liability, are not in point. The provisions of the policy before us were duly observed. The installments of the premium were presumably paid as they fell due. The policy was not one for a continuing period based on compliance with its terms but, rather, specified clearly and unequivocally the date of expiration. Plaintiffs were bound by that provision. No obligation rested on defendant to seek the execution of another contract, and liability was not extended under the expired undertaking on the theory advanced by appellants.

Counsel for appellants cite and rely on *Wallace v. Fraternal Mystic Circle,* 121 Mich 263. That case involved the right of defendant, a mutual benefit society, to suspend a member for nonpayment of an assessment when due, it being claimed on behalf of plaintiff that it was the practice of defendant to receive assessments without declaring a forfeiture where the delay was less than 90 days. Extension of liability on the theory of estoppel of a contract that

had by its own terms expired was not involved. Obviously the case is not here in point. Like comment may be made with reference to *Pastucha* v. *Roth,* 290 Mich 1, and *Seavey* v. *Erickson,* 244 Minn 232 (69 NW2d 889, 52 ALR2d 1144), also cited.

There is no claim here advanced that the contract was in any way ambiguous. The date of expiration was specifically declared. An extension of liability on the theory of estoppel would obviously result in the creating of a contract different in its coverage from the agreement into which the parties entered. Of interest in this connection is *Hanna* v. *Smith,* 173 Mich 483, in which it was sought to introduce evidence of usage and custom claimed to prevail in oil fields with reference to the price to be charged for the operation known as "rimming." The Court in its opinion pointed out that the contract involved was specific in its terms with reference to the matter in issue, and made the following comment (p 490):

"The court was therefore in error in allowing evidence to be introduced as to usage and custom alleged to prevail in oil fields in respect to the price charged for 'rimming.' Such evidence is admissible in the absence of express stipulations, and where the meaning of the contract is equivocal, but is never admissible to contradict what is plain and unambiguous. 1 Greenleaf on Evidence, §§ 292, 294. The general rule is that a written contract cannot be varied or contradicted by the proof of usage. This has been announced by the United States supreme court in numerous cases, and the decisions of this Court are uniform to that effect. *Van Hoeson* v. *Cameron,* 54 Mich 609, 613, 614, and cases cited; *Lamb* v. *Henderson,* 63 Mich 302, 305, and cases cited."

In *Ruddock* v. *Detroit Life Insurance Co.,* 209 Mich 638, the action was brought on a life insurance policy

issued by defendant to plaintiff's decedent. Said policy contained a provision that risks in naval or military service in time of war, without a permit, were not assumed by the company. The insured was inducted into the military service in July, 1918, and his death from pneumonia occurred at Camp Custer shortly after the expiration of 1 year from the issuance of the policy. It was claimed on behalf of plaintiff that the defendant was estopped to deny liability under the policy because it had required plaintiff to furnish proofs of death, and also by pleading the general issue in the lawsuit based on the policy. In discussing the issue thus raised, the Court said (pp 453, 454):

"The cases where the doctrine of waiver, of estoppel, has been applied have largely been cases where the insurance companies have relied on a forfeiture of the contract, upon breaches of the warranties and conditions to work such forfeitures; and in many such cases this Court and other courts of last resort have held that if the companies have led the other party, to his prejudice, to his expense, to understand that such forfeitures, such breaches of warranties and conditions would not be insisted upon, then the companies would be estopped from asserting such defenses. But here the defendant makes no claim of forfeiture of the contract; on the contrary it is insisting upon the contract itself and insisting that by its terms it did not insure the deceased when engaged in military services in time of war. To apply the doctrine of estoppel and waiver here would make this contract of insurance cover a loss it never covered by its terms, to create a liability not created by the contract and never assumed by the defendant under the terms of the policy. In other words, by invoking the doctrine of estoppel and waiver it is sought to bring into existence a contract not made by the parties, to create a liability contrary to the express provisions of the contract the parties did make."

The Court further referred to the opinion of the supreme court of Wisconsin in *McCoy* v. *Northwestern Mutual Relief Ass'n*, 92 Wis 577 (66 NW 697, 47 LRA 681), in which the action was based on an insurance policy that by its terms excluded liability if death resulted from suicide. In rejecting the claim of estoppel it was there said, in part (pp 584, 585):

We are unable to see how the settled rules under which it is held that a forfeiture or condition of forfeiture may be waived applies here. What is insisted upon is not really the waiver of a forfeiture, or an equitable estoppel against insisting upon a condition of the policy, the violation of which would otherwise work a forfeiture. It is a misuse of the term to so speak of the loss of benefits under the certificate in question. What is here sought is not to prevent a forfeiture, but to make a new contract; to radically change the terms of the certificate so as to cover death by suicide, when by its terms that is expressly excluded from the contract. We do not understand that the doctrine of estoppel or waiver goes that far. After a loss accrues, an insurance company may, by its conduct, waive a forfeiture; or by some act before such loss it may induce the insured to do or not to do some act contrary to the stipulations of the policy, and thereby be estopped from setting up such violations as a forfeiture; but such conduct, though in conflict with the terms of the contract of insurance and with the knowledge of the insured and relied upon by him, will not have the effect to broaden out such contract so as to cover additional objects of insurance or causes of loss."

The decision in *Ruddock, supra,* was cited with approval in *Ames* v. *Auto Owners Insurance Co.*, 225 Mich 44, 47, 48. Of interest also is the decision in *Chaney* v. *Lake Drive Garage*, 252 Mich 412, in which it was held that testimony of usage and custom was not admissible to vary the specific terms of an unambiguous agreement.

The trial judge was correct in his conclusion that liability under the express contract of insurance involved in this case could not be extended on the theory advanced by plaintiffs with reference to the alleged custom observed in the area by insurance agencies. As before noted, the issue here involved is not estoppel or waiver of performance in accordance with provisions of an existing contract, but presents an attempt to enlarge and extend the insurance coverage specifically provided in the contract. The acceptance of appellants' claim would result, in effect, in creation of liability following the expiration of the policy as written, and would from a practical standpoint be the equivalent of creating a new contract between the parties.

The judgment of the trial court is affirmed.

DETHMERS, KELLY, SMITH, and O'HARA, JJ., concurred with CARR, C. J.

BLACK, J. (*concurring*). I concur in affirmance.

Not assuming to decide the point of course, and simply to introduce what follows, it seems to me that the plaintiffs have made out a case against the insurance agency with which they dealt, rather than a case against the defendant insurer. See annotation, 29 ALR2d 171, "Duty and liability of insurance broker or agent to insured with respect to procurement, continuance, terms, and coverage of insurance policies." Without explanation here, however, plaintiffs joined prior to trial in a stipulation providing:

"It is hereby stipulated and agreed by and between the attorneys for the above named parties that the above entitled cause may be dismissed without prejudice and without costs, as to defendant Holly Insurance Agency, Inc. only."

I allude to the above so that, if unbeknown to us plaintiffs are yet possessed of a right to proceed

against the insurance agency, nothing written here may be construed as creating "prejudice" where—by the stipulation—there is now no prejudice. Further, and in the same tenor, I cannot support the comment of the Chief Justice, dealing as it does with the agency as well as the insurer, that:

"Apparently neither defendant nor the Holly Insurance Agency desired to execute another agreement for insurance on plaintiffs' property."

There is nothing of record justifying such a conclusion. It is unproved, either way. If not challenged, it might adversely affect what was legally reserved by the "no prejudice" stipulation above. So and again, as in *Mack* v. *Precast Industries, Inc.,* 369 Mich 439, 454, I respectfully suggest that "the adjective 'apparently' does not—by itself—supply facts."

KAVANAGH and SOURIS, JJ., concurred with BLACK, J.