## DUNCAN v MICHIGAN MUTUAL LIABILITY COMPANY

1. PRINCIPAL AND AGENT—AUTHORITY—APPARENT AUTHORITY—QUESTION OF FACT—QUESTION OF LAW.

   The question of the apparent authority of an agent is generally for the trier of fact; however, the trial court may rule, as a matter of law, on the existence of the apparent authority where the facts are either admitted or undisputed as to the existence of the principal-agent relationship and as to the scope of the agent's authority.

2. JUDGMENT—SUMMARY JUDGMENT—COURT RULE.

   Summary judgment may be granted where there is no genuine issue as to any material fact (GCR 1963, 117.2[3]).

3. INSURANCE—CONTRACTS—PRINCIPAL AND AGENT—AUTHORITY.

   Insurance companies are bound by all acts and contracts made by their agents which are within the apparent scope of authority conferred upon them; such authority, while not actually granted, is that which insurance companies knowingly permit agents to exercise or which is held out to the public, and is not narrowed by limitations not communicated to the person with whom the agent deals.

4. INSURANCE—CONTRACTS—ESTOPPEL—PREMIUMS FOR INSURANCE.

   An insurance company which has received the premium of the insured under circumstances leading the insured to believe he is receiving, in consideration of the payment of such premium, a valid contract of insurance is estopped from afterward repudiating the contract.

5. PRINCIPAL AND AGENT—INSURANCE—CONTRACTS—INSURANCE SOLICITORS—AUTHORITY—SCOPE OF AUTHORITY.

   The question in the consideration whether an insurance solicitor had authority to bind the insurance company is whether the

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur 2d, Agency § 360.
[2] 73 Am Jur 2d, Summary Judgment §§ 17, 26 *et seq.*
[3, 5–8] 43 Am Jur 2d, Insurance § 155 *et seq.*
[4] 43 Am Jur 2d, Insurance § 1130.

solicitor acted within the apparent scope of his authority; where the solicitor solicits the insurance, collects the premium and delivers the policy, he clearly acts within the apparent scope of his authority, especially where the insurance company receives and keeps the premium.

6. PRINCIPAL AND AGENT—INSURANCE—CONTRACTS—EMPLOYEES—IN-
   SURANCE SOLICITORS.

   Insurance agents generally transact their business by and through employees, and when they do so the acts of these employees are as binding upon the insurance company as though done by the agents themselves; therefore, the fact that a solicitor who delivered a policy and collected the premium was not an authorized agent does not necessarily invalidate the insurance.

7. PRINCIPAL AND AGENT—INSURANCE—AUTHORITY—APPARENT AU-
   THORITY.

   The general public transact their business with insurance companies through representatives of such companies without actual notice of any limit upon the authority of such representatives; an insurance agent is usually clothed with at least apparent authority to transact the business in hand, *i.e.,* the effectuating of insurance.

8. PRINCIPAL AND AGENT—AUTHORITY OF AGENT.

   The powers of the agent are prima facie coextensive with the business intrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals.

Appeal from Wayne, Charles Kaufman, J. Submitted October 10, 1975, at Detroit. (Docket No. 22962.) Decided February 11, 1976.

Complaint by Florence Duncan against Michigan Mutual Liability Company and Michigan Basic Property Insurance Association to recover under a binder of insurance. Summary judgment for plaintiff. Defendant Michigan Mutual Liability Company appeals. Affirmed.

*Bacalis and Associates, P. C.,* for plaintiff.

*Denenberg, Tuffley and Thorpe,* for defendant Michigan Mutual Liability Company.

Before: J. H. Gillis, P. J., and Bronson and T. M. Burns, JJ.

Per Curiam. Plaintiff seeks to recover under a binder of insurance issued through Continental Underwriters, Inc., by its representative John Issitt, naming defendant as the insurer. Continental Underwriters, Inc., is an agent of defendant, and Mr. Issitt was a solicitor for Continental. On April 24, 1974, Issitt, as a representative of Continental, met with the plaintiff, solicited insurance for Continental, collected payment toward the premium, and delivered a binder of insurance. On May 16, 1974, plaintiff suffered a loss.

Defendant claims no liability since Continental only had the authority to bind insurance on "acceptable business", which defendant claims plaintiff was not, and because Issitt was not authorized to issue insurance binders. Both parties moved for summary judgment. The trial court denied defendant's motion for summary judgment, and in ruling in plaintiff's favor, determined that Mr. Issitt's actions were within the scope of his apparent authority and, therefore, were binding upon Continental and defendant.

On appeal, defendant argues that the trial court erred in ruling as a matter of law that apparent authority existed, and asserts that the question is for the trier of fact. We disagree. Where there is no genuine issue as to any material fact, summary judgment may be granted. GCR 1963, 117.2(3). While defendant's contention is usually applicable, where the facts are either admitted or undisputed as to the existence of the principal-agent relation-

ship and as to the scope of the agent's authority, the trial court may properly rule on the existence of apparent authority.

In *Coverdill v Northern Insurance Co of New York,* 243 Mich 395; 220 NW 758 (1928), the Michigan Supreme Court stated:

"An insurance company which has received the premium of the insured under circumstances leading the insured to believe he is receiving, in consideration of the payment of such premium, a valid contract of insurance, is estopped from afterward repudiating the contract. *Michigan State Ins Co v Lewis,* 30 Mich 41 [1874], *Peoria Marine & Fire Ins Co v Hall,* 12 Mich 202 [1864], *Aetna Live Stock, Fire & Tornado Ins Co v Olmstead,* 21 Mich 246 (4 Am Rep 483) [1870], *North American Fire Ins Co v Throop,* 22 Mich 146 (7 Am Rep 638) [1871].

"The insured is not interested in the solicitor's license from the State. The question is whether the solicitor acted within the apparent scope of his authority. *When, as in this case, the solicitor solicits the insurance, collects the premium, and delivers the policy, he clearly acts within the apparent scope of his authority, especially where the insurance company receives and keeps the premium. Gore v Assurance Co,* 119 Mich 136 [77 NW 650 (1898)]. That the solicitor who delivered the policy and collected the premium was not an authorized agent did not invalidate the insurance. *Insurance agents generally transact their business by and through employees, and when they do so the acts of these employees are as binding upon the insurance company as though done by the agents themselves. Steele v Insurance Co,* 93 Mich 81 (18 LRA 85) [53 NW 514 (1892)], *Pollock v [German Fire] Insurance Co,* 127 Mich 460 [86 NW 1017 (1901)], *Pelican Assurance Co v Schildknecht,* 128 Ky 351 (108 SW 312) [1908], 2 Wood on Insurance (2d ed) § 414, p 852, 32 CJ p 1069." (Emphasis added.)

In *State Automobile Mutual Insurance Company*

*v Babcock,* 54 Mich App 194; 220 NW2d 717 (1974), this Court said:

"Insurance companies are bound by all acts and contracts made by their agents which are within the apparent scope of authority conferred upon them; such authority, while not actually granted, is that which insurance companies knowingly permit agents to exercise or which is held out to the public. 43 Am Jur 2d, Insurance § 156, p 212, 12 ALR3d, Temporary Automobile Insurance § 3, p 1309. In *Ames v Auto Owners Insurance Co,* 225 Mich 44, 49; 195 NW 686, 687 (1923), the Court wrote:

" 'The general public transact their business with insurance companies through representatives of such companies without actual notice of any limit upon the authority of such representatives. The agent is usually clothed with at least apparent authority to transact the business in hand, *i.e.,* the effectuating of insurance. In *Tubbs v Insurance Co,* 84 Mich 646; 48 NW 296 (1891), we quoted with approval the following language from *Insurance Co v Wilkinson,* 80 US (13 Wall) 222; 20 L Ed 617 (1871):

" ' "The powers of the agent are prima facie coextensive with the business intrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals."

" 'See also, *Pollock v [German Fire] Insurance Co,* 127 Mich 460; 86 NW 1017 (1901), *Greenwich Ins Co v Waterman,* 54 F 839 (CA 6, 1893), *Walsh v Insurance Co,* 30 Iowa 133, 145; 6 Am Rep 664 (1870). In the last cited case it was said:

" ' "The defendant cannot be permitted to escape liability from the acts or representations of an agent in the course of its business which he is authorized to transact, whereby a party dealing with it is induced to pay money in the belief that he will receive security in return. The agent of defendant, as we have seen, was empowered to receive payments made to defendant in the course of its business. Plaintiff could well rely upon the representations of the agent that the payment to him was the regular course to pursue in order to obtain

the permit required. If the acts of defendant and its agent induced the belief on the part of plaintiff that the permit was issued upon the payment of the money to the agent, defendant is estopped to deny it." ' "

The undisputed facts show:

1) Continental Underwriters, Inc. was an agent for Michigan Mutual Liability Insurance Company at all pertinent times.

2) Their written agreement (entitled Commission Agents' Agreement) authorizes the policy holder to pay to the agent, *or to anyone representing him,* premium payments.

3) The Michigan Department of Commerce certificate certifies that the records of the agency— licensing section of the Michigan Department of Commerce, Insurance Bureau—disclosed that Continental Underwriters, Inc. was licensed to represent Michigan Mutual Liability Company on the date of the fire loss in question.

4) John E. Issitt was appointed solicitor for Continental Underwriters, Inc. and licensed by the Department of Insurance as such on the date he issued the binder and on the date of the fire loss in question.

5) John E. Issitt was authorized to solicit business for Michigan Mutual Liability Company.

6) John E. Issitt issued a binder for insurance covering the fire loss in question on Continental Underwriters, Inc. printed forms and spelled out thereon that the insurance was covered by Michigan Mutual Liability Company.

7) A $350 premium was paid by plaintiff to John E. Issitt for coverage of the premises in question.

8) John E. Issitt had no authority to issue a binder without approval but such information was never communicated to plaintiff.

All of the above facts delineate that John E. Issitt's issuance of the binder of insurance was within the scope of his apparent authority. The trial judge properly granted summary judgment.

Affirmed.