## 12408

### TRUESDELL v. JOHNSON

#### (142 S. E., 343)

1. INJUNCTION—GENERAL STATUTE RELATING TO INJUNCTIONS HELD INAPPLICABLE IN DETERMINING NECESSITY OF BOND AS CONDITION TO TEMPORARY INJUNCTION PENDING APPLICATION FOR RECEIVER'S APPOINTMENT (CODE CIV. PROC. 1922, § 482; § 524, SUBD. 7).—Code Civ. Proc. 1922, § 482, which constitutes part of general statutes with reference to injunctions, *held* inapplicable in determining whether bond is condition precedent to issuance of temporary injunction pending hearing of application for appointment of receiver, since situation is covered by Section 524, Subd. 7.

2. RECEIVERS—POWER TO APPOINT RECEIVER MUST BE EXERCISED WITH GREAT CIRCUMSPECTION.—The appointment of a receiver is drastic remedy, and is to be exercised with great circumspection.

3. INJUNCTION—FAILURE OF COURT TO REQUIRE BOND AS CONDITION PRECEDENT TO TEMPORARY INJUNCTION PENDING APPLICATION FOR APPOINTMENT OF RECEIVER HELD TO RENDER TEMPORARY INJUNCTION VOID (CODE CIV. PROC. 1922, § 482; § 524, SUBD. 7).—Failure of Court to require bond from party applying for temporary injunction, pending application for appointment of receiver, as required by Code Civ. Proc. 1922, § 524, Subd. 7, *held* to render order for temporary injunction void, since statutory requirement for bond is mandatory, and Section 482, relating to injunction generally, is not applicable.

4. STATUTES—SPECIAL STATUTE MUST PREVAIL OVER GENERAL STATUTE IN CASE OF CONFLICT.—In case of conflict between general and special statutes, special statute must prevail.

5. RECEIVERS—WHERE THERE IS NO RESIDENT JUDGE, JUDGE OF ANOTHER CIRCUIT HAS AUTHORITY TO APPOINT RECEIVER IN CHAMBERS, IN CASE OF DEFAULT OR BY CONSENT OF PARTIES (CODE CIV. PROC. 1922, § 755; § 524, SUBD. 7; § 754, SUBD. 4; CONST. ART. 5, §§ 13, 14, 25; ACT APRIL 14, 1925 [34 ST. AT LARGE, P. 94], §§ 1, 2).—Where there is no resident Judge, nonresident Judge, though located in another Circuit, has authority to appoint receiver in Chambers, under Code Civ.

Proc. 1922, § 524, Subd. 7, Const. Art. 5, §§ 13, 14, 25, and Act April 14, 1925 (34 St. at Large, p. 94) §§ 1, 2, in case of default or by consent of parties, and scope of Judge's authority is not limited by Code Civ. Proc. 1922, § 754, Subd. 4, and Section 755.

6. RECEIVERS—JUDGE OF ANOTHER CIRCUIT SITTING AT CHAMBERS HELD TO HAVE JURISDICTION TO APPOINT RECEIVER, WHERE PARTY OPPOSING APPOINTMENT APPEALED AND CONTESTED APPLICATION ON MERITS WITHOUT OBJECTING TO COURT'S JURISDICTION (CODE CIV. PROC. 1922, § 524; CONST. ART. 5, §§ 13, 14, 25; ACT APRIL 14, 1925 [34 ST. AT LARGE, P. 94] §§ 1, 2).—In action for partnership accounting and liquidation, in which plaintiff sought appointment of receiver under Code Civ. Proc. 1922, § 524, conduct of defendant in appearing in response to rule to show cause and application for receivership, and contesting it on the merits, without entering objection to jurisdiction, constituted consent to assumption of jurisdiction to appoint receiver by Judge of another Circuit sitting at Chambers under Const. Art. 5, §§ 13, 14, 25, and Act April 14, 1925 (34 St. at Large, p. 94) §§ 1, 2.

7. RECEIVERS—ORDER APPOINTING RECEIVER IN ACTION FOR PARTNERSHIP LIQUIDATION HELD VOID FOR FAILURE TO CONTAIN CLAUSE FIXING VALUE OF PROPERTY PLACED IN RECEIVER'S HANDS (CODE CIV. PROC. 1922, § 524, SUBDS. 8, 9).—In action for partnership accounting and liquidation, omission in order appointing receiver of clause fixing value of property placed in receiver's hands, as required by Code Civ. Proc. 1922, § 524, Subds. 8, 9, *held* to render order void; statute being mandatory, and its application not being restricted merely to cases where person in possession has offered bond.

8. RECEIVERS—ORDER DIRECTING RECEIVER TO INVENTORY ASSETS OF PARTNERSHIP HELD NOT EQUIVALENT TO CLAUSE IN ORDER OF APPOINTMENT FIXING VALUE OF PROPERTY TO BE DELIVERED TO RECEIVER (CODE CIV. PROC. 1922, § 524, SUBDS. 8, 9).—Order of Judge directing receiver to make inventory of assets of partnership *held* not equivalent to clause fixing value of property, which Code Civ. Proc. 1922, § 524, Subds. 8, 9, required in order for receiver's appointment, since penalty of bond to vacate appointment must be double value of property as fixed in the order appointing receiver, irrespective of inventory value.

Before HENRY, J., and TOWNSEND, J., Kershaw, August, 1926.   Orders reversed.

Action by E. Z. Truesdell against L. O. Johnson for partnership accounting and liquidation.   From orders appointing a receiver and directing the delivery to the receiver of partnership property, defendant appeals.

*Messrs. Fred B. Townsend* and *Edward B. Guerry,* for appellant, cite: *Jurisdiction and authority of Circuit Judge at Chambers:* Art. 5, Sec. 25, Const.; 133 S. E., 549; 34 Stat., 94; 32 Stat., 903. *Receiver cannot be appointed without previous notice in writing to the adverse party:* Sec. 524, Code Proc. *An action is commenced by the service of a summons or the granting of a provisional remedy:* Sec. 383, Code Proc. *Appointment of receiver allowed as a provisional remedy:* 23 R. C. L., 9. *Jurisdiction of courts in granting injunctions:* Secs. 481–490, Code Proc; 63 S. C., 252. *Judge must insert provision fixing value of property in order appointing a receiver before final judgment:* Sec. 524, Code Proc; 118 S. C., 46; 50 S. C., 192. *"Receiver":* 4 Pom. Eq. Jur. (4th Ed.), 1483; 23 R. C. L., 9; Sec. 651, 657, Code Proc. *Appointment of receiver within judicial discretion of court:* Sec. 26, Code Proc. *Appointment of receiver:* 80 S. E., 470; 61 S. E., 248; 19 S. C., 286.

*Messrs. DeLoach & DeLoach,* for respondent, cite: *Authority to issue injunction only can be considered here:* 121 S. C., 324; 35 S. C., 467; 31 S. C., 608; 80 S. C., 539. *Burden on party alleging error to show it affirmatively by the record:* 83 S. C., 190. *Judge at Chambers has power to appoint a receiver and to issue temporary injunction:* Sec. 524, Code Proc. *Jurisdiction:* Secs. 754, 755, Code Proc. *After submitting to the jurisdiction cannot object:* 127 S. C., 397. *Temporary order of injunction may be made without notice to defendant:* 5 S. C., 159; 69 S. C., 256. *Appointment of receiver entirely within discretion of the Court:* 23 R. C. L., 10. *On a dissolution of a partnership where parties cannot agree as to the distribution of the joint effects, Court will appoint a receiver:* 23 R. C. L., 30. *Not necessary to allege or prove insolvency of the defendant:* 53 S. C., 443. *Finding by the Court on conflicting evidence has the force of a verdict, and will not be disturbed on appeal:*

26 S. C., 506. *In the absence of a contrary showing in the record lower Court is presumed to have exercised its discretion properly:* 107 S. C., 336. *Proper to order sale of assets here:* 9 S. E., 973; 65 S. C., 489; 20 R. C. L., 962; 52 S. E., 89. *Burden is on the appellant to show by the record that he was prejudiced by the erroneous ruling complained of:* 30 S. C., 262; 95 S. C., 302; 103 S. C., 238. *"Prejudice":* Bouvier's Law Dict. *Power of succeeding Judge to alter order of his predecessor is a matter of administration:* 69 S. C., 198; 53 S. C., 414.

March 21, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action in accounting to liquidate the affairs of the Bethune Drug Company, a partnership consisting of the plaintiff and the defendant, and was commenced in the Court of Common Pleas for Kershaw County, in the Fifth Circuit, on the 31st day of July, 1926, by the service upon the defendant of a summons, a verified complaint, affidavits, and an order temporarily restraining and enjoining the defendant from "opening and continuing open, or conducting, the business of the Bethune Drug Company," until a receiver be appointed, and requiring the defendant to show cause why a receiver should not be appointed to take charge of the property and assets of the company, and why the injunction should not be made permanent. This order was passed on the 31st day of July, 1926, the judge of the Fifth Circuit being without the state, by Judge J. K. Henry, at chambers, at Chester, in the Sixth Circuit; and the rule to show cause was returnable before the same Judge, at Chambers, at Chester, on the 6th day of August, 1926.

At the time and place specified in the rule, the Judge of the Fifth Circuit being still without the State, the defendant, through his attorney, appeared and entered objection to the authority of Judge Henry to grant the temporary in-

junction and restraining order without first requiring the plaintiff to enter into good and sufficient bond in a sum not less than $250, as provided in Section 524 of the 1922 Code of Civil Procedure, regulating the appointment of receivers. The objection was overruled and the defendant thereupon submitted his return. After hearing the matter, Judge Henry passed an order which provided, among other things, for the appointment of W. R. Zemp as receiver of the company, with power and authority to sell its assets at public sale, after having an inventory thereof made, on the first Monday in September, 1926. The order did not contain a clause fixing the value of the property placed in the hands of the receiver as provided in Section 524.

The receiver executed bond in the sum of $2,500, as prescribed by the order, and immediately thereafter went into possession of the property of the company, except its books and records, which were not in the store building at the time of the service of the temporary restraining order upon the defendant after close of business on the 31st day of July, 1926. On the 27th day of August, 1926, upon notice, Hon. W. H. Townsend, resident Judge of the Fifth Circuit, passed an order supplementing the order of Judge Henry appointing the receiver, by directing the defendant to deliver to the receiver "all documents and personal property connected or in any wise appertaining to the Bethune Drug Company, which he has in his possession and control," and by extending the time of sale by the receiver from the 6th day of September, 1926, to the 20th day of September, 1926. The defendant appeals from both orders of Judge Henry and the order of Judge Townsend.

The exceptions raise a number of questions, but in the view we take of the case, it is necessary to consider only the following:

I. Was the temporary restraining order granted by Judge Henry void, because no security was given in accordance with Section 524 of the 1922 Code of Civil Procedure?

II. The cause of action being triable in the Fifth Circuit, did Judge Henry have authority, at Chambers, in the Sixth Circuit, to appoint a receiver?

III. Was the order of Judge Henry appointing a receiver void, because it did not contain a clause fixing the value of the property placed in the hands of the receiver, in accordance with the provisions of Section 524 of the 1922 Code of Civil Procedure?

I. Subdivision 7 of Section 524 is as follows:

"7. The Court or Judge may by temporary injunction, without notice, pending the hearing of such application, restrain the delivery of the property, or any part thereof, sought to be put in the hands of a receiver to any other person whomsoever, and the Court shall be deemed to have taken jurisdiction over such property from the time of the issuance of such temporary injunction: Provided, that no such temporary injunction shall issue so as to interfere with the use and disposition of such property by any person or corporation in the usual and customary mode and course of business and use of the same without the Court or Judge first requiring from the party applying for such injunction a bond, with security, in a sufficient sum, not less than two hundred and fifty dollars, to pay all damages arising from said temporary injunction should no receiver be appointed on the hearing of the application."

The appellant contends that the execution and delivery of a bond for not less than $250.00 is a condition precedent to the issuance of a temporary injunction, without notice, pending the hearing of an application for the appointment of a receiver, and that without such bond the Court cannot take jurisdiction over the property involved, and any temporary injunction granted would be a nullity.

The respondent contends that, though it was not mandatory that he should obtain a temporary injunction prior to the appointment of a receiver, he was entitled to such in-

junction for the purpose of closing the store and prohibiting its opening; that he could enforce such right as well under Section 482 of the Code of Procedure as under Section 524; that he obtained the temporary injunction under Section 482; and that an order for temporary injunction is not void, because an undertaking is not required of the plaintiff.

Section 482 is part of the general statute law of the State with reference to injunctions, including temporary restraining orders, while Section 524 relates specifically to the appointment of receivers and to temporary injunctions, without notice, pending the hearing of applications for such appointment. Under these conditions, one applying for the appointment of a receiver and seeking a temporary injunction pending the hearing of the application must be governed by the provisions of Section 524. Consequently the question as to whether the execution and delivery of a bond is a condition precedent to the issuance of a temporary restraining order or temporary injunction under Section 482 does not concern us here.

The respondent cites the case of *Watson v. Citizens' Bank,* 5 S. C., 159, in support of his contention that an order for temporary injunction is not void because an undertaking is not required of the plaintiff. In that case certain attorneys and stockholders of the defendant bank were ruled to show cause for alleged contempt of court in disobeying an order of the Court theretofore made, requiring the defendant to show cause why an injunction should not be granted restraining its officers and agents from paying out or transferring its money or other property, and why a receiver should not be appointed, and restraining the defendant in the meantime from paying out its funds or otherwise disposing of its property. It was alleged that this order had been violated by the filing of a petition in the United States District Court for adjudicating the defendant as a bankrupt, solely with the view of removing the funds of the bank from

the custody and control of the State Court, etc. The return to the rule to show cause for the alleged contempt raised the point, among others, that the order alleged to have been violated was void for want of jurisdiction in the State Court to make it. On this point the Court said:

"The jurisdiction by virtue of which his Honor, the Circuit Judge, made the order of November 22, 1873, appears to us to have been within the general powers conferred by the Constitution and existing statutes. * * * It is clear that, by the 247th Section of the Code, the temporary order for an injunction may be heard without notice to the defendant. In fact, notice of the application might defeat the very object which the order was intended to secure. Nor did the failure of the Judge to require a written undertaking of the plaintiff to pay all damages which the corporation might sustain deprive him of jurisdiction in the motion then before him. It was not dependent on his compliance with every formal condition by which the statutes proposed it should be conducted and regulated. There may be cases where the requirement of a bond becomes 'a jurisdictional question, as in the administration of the attachment laws, where the whole power of the Court is conferred by Statute, and, in enforcing it, it can have no aid or support from its common-law or equitable powers."

When the decision in the *Watson case* was rendered in 1873, Subdivision 7 of Section 524 was not in existence. In 1897 the Legislature added this subdivision and several others to the Statute regulating the appointment of receivers. The case of *Roberts v. Pipin,* 63 S. C., 252; 41 S. E., 300, was decided in 1901, subsequently to the enactment of Subdivision 7.

In the last-named case the Circuit Judge issued an order requiring the defendants to show cause why a receiver of certain property involved in the action should not be appointed, and enjoining and restraining them in the meantime

from removing, disposing of, or selling any portion of the property. No bond or undertaking was executed or filed. Upon the hearing of the rule to show cause a receiver was appointed to take charge of the property. One of the questions raised on appeal was whether the Circuit Judge had power to grant the preliminary order of injunction. After quoting what is now Subdivision 7 of Section 524 of the Code, the Court said:

"It is obvious from the terms of this act that the power in a Circuit Judge, either during term time or at Chambers, to pass an order for a temporary injunction, in an action looking to the appointment of a receiver, is bottomed upon a bond to be made by the person applying for such temporary injunction for not less than $250, as a condition precedent to the lawful use of such power to issue such injunction. The act so specifically provides. For the Circuit Judge to acquire such jurisdiction on an *ex parte* application, without notice to any one, so that the Court shall be deemed to have taken jurisdiction over such property from the time of the issuance of such temporary injunction, it is a condition precedent thereto that a bond from the party applying for such injunction in the amount of not less than $250 shall have been executed. It is admitted in the case for appeal that no such bond was executed in any manner or form whatsoever. The effect of such failure to execute such a bond is that the Circuit Judge had no power to issue such a temporary injunction, and that such Circuit Judge did not, in the case at bar, acquire jurisdiction over the property of Pipkin & McCallum on the 23d day of October, 1901; hence, so far as the order for temporary injunction issued by him on that day is concerned, Pipkin & McCallum and the Marlboro Wholesale Grocery were not controlled by such order of preliminary injunction."

It will be seen that in the *Watson case* the Court sustained, but in the *Roberts case* denied, the validity of a

temporary restraining order, granted without the execution and filing of a bond, pending the application for appointment of a receiver. Through the intervening enactment of Subdivision 7, of course, the *Roberts case* presented to the Court a very different situation from that presented by the *Watson case,* and we have no doubt that, if Subdivision 7 had been in the Statute at the time of the hearing of the *Watson case,* the decision in that case would have been the same as the decision in the *Roberts case.*

The appointment of a receiver is a drastic remedy, 2, 3 and, as said in *Pelzer, Rodgers & Co. v. Hughes,* 27 S. C., 408; 3 S. E., 781, "is to be exercised with great circumspection." The effect of the appointment of a receiver is to take property, at the instance of the moving party, out of the possession of the person in whose possession it is found and place it in the hands of a third party pending litigation. It is but fair that the person claiming or in possession of the property be protected against damage that may result to him from deprivation of its use and disposition while the application for a receiver is pending, in case it shall be decided on the hearing that the moving party is not entitled to the appointment of a receiver. The Legislature of the State has recognized this condition, and has provided by Statute that no temporary injunction shall be issued pending the hearing for an application for the appointment of a receiver, "so as to interfere with the use and disposition of such property  *  *  *  in the usual and customary mode and course of business  *  *  *  without  *  *  *  first requiring from the party applying for such injunction a bond,  *  *  *  to pay all damages," etc. This provision is mandatory, and must be complied with, before a temporary injunction is issued; if the bond is not given, the temporary injunction is invalid, and one violating it would not be subject to attachment for contempt of Court. The exception raising this point is sustained.

II. We approach the second question with full appreciation of its importance to the remedial law of the State. It may be said, on the one hand, that to sustain the power of a Judge at Chambers, outside the Circuit in which a cause is triable, to appoint a receiver, would be too great an extension of a drastic and far-reaching power. It may be urged, on the other hand, that, where property is being wasted or dissipated, one who has an interest therein should be in a position to have property placed under the protection of the Court through the appointment of a receiver, notwithstanding the fact that there is no resident or presiding Judge in his circuit. Neither of these considerations has influenced us. We have reached our conclusion without reference to the question as to' what the law should be, but solely through application of the law as we find it to the facts of the case.

Sections 13 and 14 of Article 5 of the State Constitution are as follows:

"13. The State shall be divided into as many judicial circuits as the General Assembly may prescribe, and for each circuit a Judge shall be elected by joint *viva voce* vote of the General Assembly, who shall hold his office for the term of four years; and at the time of his election he shall be an elector of a county of, and during his continuance in office he shall reside in, the circuit of which he is Judge. The present Judges of the Circuit Courts shall continue in office until the expiration of the terms for which they were elected, and should a new division of the judicial circuits be made, shall be the Judges of the respective circuits in which they shall reside after said division.

"14. Judges of the Circuit Courts shall interchange circuits with each other, and the General Assembly shall provide therefor."

The Legislature has made provision for this "interchange" of the Circuit Judges, and Section 14 has received

"an interpretation large enough to include all the contingencies that may render the interchange of judicial duties necessary." *Ex parte Parker,* 6 S. C., 472.

Section 25 of Article 5 of the State Constitution is, in part, as follows:

"The Judges of the Circuit Courts shall have such powers at Chambers as the General Assembly may provide."

The powers of the Circuit Judges at Chambers have been fixed by legislative enactment. The question is: Has the Legislature, in providing for the interchange of judicial duties and for the powers of Circuit Judges at Chambers, gone to the extent of providing that a receiver may be appointed at Chambers by the Judge of and in an adjoining circuit?

The enabling words of Section 524 of the Code of Procedure are as follows:

"A receiver may be appointed by a Judge of the Circuit Court, either in or out of Court."

Clearly, under this provision a receiver may be appointed at Chambers in the circuit in which the action is triable, and it has been so held, *Kilgore v. Hair,* 19 S. C., 486; *Harman v. Wagener,* 33 S. C., 487; 12 S. E., 98. But this Statute does not, specifically or by implication, authorize the appointment of a receiver by a Judge of and in a circuit other than that in which the action is triable.

Subdivision 4 of Section 754 of the 1922 Code of Civil Procedure is as follows:

"Motions upon notice must be made within the circuit in which the action is triable, or, in the absence or inability of the Judge of the circuit, may be made before the resident or presiding Judge of a circuit adjoining that in which it is triable."

Section 755 of the Code provides that, when notice of a motion is necessary, it must be served four days before the time appointed for the hearing, etc.

The respondent relies in part upon the last-named two provisions to sustain the jurisdiction of Judge Henry for the appointment of the receiver in the present case. An examination of the cases construing Subdivision 4 does not make clear the scope and extent of its application. However, that subdivision is part of the general law of the State relating to motions and orders, while Section 524 specifically regulates the appointment of receivers, and, if there is any conflict between the two statutes, the special Statute must prevail. As we find no authority in Section 524 or in Subdivision 4 of Section 754 of the Code for the appointment of a receiver at Chambers by the Judge of and in a circuit other than that in which the cause is triable, we must make further examination to ascertain whether the Legislature has conferred such authority.

The most recent Statute regulating the powers of Circuit Judges at Chambers was enacted in 1925 and is found in General Statutes, Vol. 34, at page 94. Section 1 of that Statute authorizes Circuit Judges in the circuits in which they are resident or presiding to hear and determine at chambers all matters not necessitating trial by jury. The power thus conferred is broad enough to include the power to appoint receivers at Chambers which is bestowed by Section 524; consequently the question whether this Section repeals all other legislative provisions for the powers of Circuit Judges at Chambers in such circuits, is not here important.

Section 2 of the 1925 act is as follows:

"In case any judicial circuit is without a resident Judge, by reason of death, absence, disqualification or otherwise and no other Judge, special or regular, is presiding therein, then jurisdiction, in all matters at Chambers arising in such circuit in default or by consent, is conferred upon and shall be exercised by the resident Judge of the adjoining circuit or by any Judge presiding therein; and any Judge exercising

such jurisdiction shall first satisfy himself of the necessity of same by affidavit of the moving party."

This section confers, when any circuit is without a resident and a presiding Judge for the reasons therein named, jurisdiction at Chambers upon the resident or the presiding Judge of an adjoining circuit in all matters at Chambers arising in the former circuit *in 'default or by consent.* In the present case the question of default need not be considered, and Judge Henry's authority, if any, arose from the *consent* of the parties.

The appellant contends that he did not consent to Judge Henry's jurisdiction and that, although he did not object at the time the matter was 'heard, the question of jurisdiction may be first raised in the Supreme Court and cannot be waived. The respondent contends, on the other hand, that even if Judge Henry had no jurisdiction, except by consent, to hear the application for appointment of a receiver, the appellant, by appearing at the time and place specified in the rule to show cause, filing his return and contesting the matter on its merits, without objection to the jurisdiction, consented that Judge Henry hear the matter.

It has been held by this Court that jurisdiction of the subject-matter "cannot be waived by any act or admission of the parties, for the very obvious reason that the parties have no power to invest any tribunal with jurisdiction of a subject over which the law has not conferred jurisdiction upon such tribunal." *Florence v. Berry,* 61 S. C., 237; 39 S. E., 389. This decision and others similar were made prior to the enactment of the 1925 statute.

But Section 2 of the 1925 Act by its very terms confers jurisdiction in certain matters arising in one circuit, upon a Circuit Judge at Chambers in an adjoining circuit, *if the parties to the action consent.* While the appellant in the present case did not enter into any stipulation or other specific agreement consenting that Judge Henry should hear the matter, still he appeared at the time

and place specified in the rule to show cause and, without entering any objection to the jurisdiction, filed his return to the rule and contested the matter on its merits; in our opinion such course of action on his part amounted to consent, within the purview of Section 2 of the 1925 Act, and through such consent Judge Henry acquired jurisdiction. It seems hardly necessary to add that, if the appellant had made timely objection, Judge Henry would not have had jurisdiction to appoint the receiver.

In this view of the matter, the question as to whether Section 2 of the 1925 Act supersedes all previous legislation on the same subject or is merely supplementary to such legislation is here of no importance.

III. Subdivisions 8 and 9 of Section 524 of the Code of Civil Procedure are as follows:

"8. No receiver of the property of any person or corporation shall be hereafter appointed before final judgment in the cause if the party claiming the property so sought to be placed in the hands of a receiver or the party in possession thereof shall offer a bond, in the penalty of double the value of the property, with sufficient security, approved by the clerk of the Court of Common Pleas of the Courts in which the action is brought, to fully account for and deliver over, whenever thereafter required by any final adjudication in the cause, the property sought to be placed in the hands of a receiver, and to meet and satisfy any decree or judgment or order that may be made in the cause.

"9. Whenever the Court or Judge before whom such application is made shall appoint a receiver before final judgment in the cause, there shall be inserted in the order of appointment a clause fixing the value of the property for which the bond may be given, as prescribed in subdivision 8 of this Section; and upon the due execution and filing of such bond thereafter before final judgment in the cause, the Court or Judge shall vacate the appointment of such receiver and direct the redelivery of the property to the

party from whose possession it was taken: Provided, that where, under the orders of the Court or Judge, the receiver has incurred any lawful charges and expenses in the care and custody of the property put into his hands, the Court or Judge, before directing the redelivery, may require sufficient security to be given in addition for the payment of such lawful charges and expenses should they be thereafter finally adjudged to be chargeable against the property."

The appellant urges that these subdivisions are applicable in all cases where a receiver is appointed 7, 8 before final judgment in the cause, that they are intended to assure to the person claiming or in possession of the property sought to be placed in the hands of a receiver the right to retain or to replevy the same, and that the provision in Subdivision 9 for the insertion in the order appointing the receiver of a clause fixing the value of the property is mandatory. The respondent contends that it was a condition precedent to the insertion in the order of a clause fixing the value of the property that the person in possession should "offer" the bond before the order appointing the receiver was granted, and that, as the appellant did not "offer" the bond at the hearing on the application for appointment of a receiver, he cannot now complain of the omission of the clause fixing the value of the property.

We do not agree with the respondent's position. The appointment of a receiver, as we have said, is a drastic measure, and the Legislature has made provision for protecting the interests of the person claiming or in possession of the property for which a receiver is sought. In Subdivision 8, a method of procedure has been provided by which the person claiming or in possession of the property may retain possession thereof and prevent the appointment of a receiver before final judgment, the condition of such retention of possession and the nonappointment of a receiver being the offer of a bond in the penalty of double the value of the property, etc. By Subdivision 9, provision is made by

which, before final judgment in the cause, a party from whose possession property has been taken through an order appointing a receiver may have such appointment vacated and secure redelivery of the property.

This subdivision provides that, upon the due execution and filing of such bond as described in Subdivision 8, before final judgment in the cause, the appointment of the receiver shall be vacated, etc. In the latter case, the penalty of the bond must likewise be double the value of the property, and · if the value of the property is not fixed by the order appointing the receiver as required by this subdivision, then the person from whose possession the property has been taken cannot give the bond provided for and so obtain redelivery of the property, and Subdivision 9 becomes of no effect.

Nor do we agree with the respondent that the order of the Judge directing the receiver to make an inventory of the assets of the company was equivalent to a clause fixing the value of the property. All other considerations aside, the law does not provide for vacating the appointment of the receiver upon the filing of a bond with penalty fixed according to the *inventory value* of the property, and the appointment of the receiver would not be vacated upon a bond with penalty so fixed—the penalty must be double the value of the property *as fixed in the order appointing the receiver.* The provision for inserting a clause fixing the value of the property in the order appointing a receiver is mandatory, and without such clause the order is void. The exception raising this point is sustained.

The orders appealed from are reversed.

MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.

MR. CHIEF JUSTICE WATTS concurs in result.