No. 30,147.

CORA LOADES, *Appellant*, v. THE WOODMEN ACCIDENT COMPANY, *Appellee.*

(5 P. 2d 798.)

Opinion filed December 12, 1931.

*R. H. Seeds*, of Abilene, for the appellant.

*Thomas S. Allen* and *Harold J. Requartte*, both of Lincoln, Neb., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiff brought this action to recover from the defendant on an accident insurance policy. She filed her petition reciting the stipulations of the policy, the facts pertaining to the accidental death of her husband and the grounds on which she claimed the policy was enforceable. A demurrer to her petition was sustained, and she appeals.

A policy was issued by the Woodmen Accident Company to Ernest Roberts on July 9, 1929, in consideration of $5 paid and further quarterly payments of $3 on the last days of August, November, February and May in each year, insuring him in the sum of $1,000 for the loss of life through violent, external and accidental means; the same amount for the loss of the sight of both eyes; the payment of $1,000 for the loss of both hands, and a like amount for the loss of one hand and one foot; $250 for the loss of the sight of one eye; $500 for the loss of either hand; $500 for the loss of either foot; $15 per week for total disability; $4.75 per week for partial disability. Other conditions and exceptions were stipulated which are not material to this controversy.

It was alleged that Ernest Roberts was accidentally injured on September 22, 1929, in an automobile collision, from which he died two hours after the accident. Plaintiff set forth that the premiums on the policy were paid up to the first day of September, 1929. Under the terms of the policy payments, as we have seen, were to be made quarterly, and the last premium for which payment had been made ended August 31, 1929. The insured was killed twenty-two days later and for that period no payment had been made. The policy contained a provision that:

"The insured failing to pay the premium when due shall forfeit all rights to indemnities under this policy together with all moneys previously paid, and his insurance in the company shall become lapsed."

Other provisions in the policy were:

"This policy shall take effect at noon, standard time, at the place of residence of the insured on the date which it bears, and shall cover only loss arising out of accidental injury sustained by the insured thereafter.

"This policy and the rights hereby created shall automatically lapse and terminate at twelve o'clock midnight, standard time, at the place of the insured's residence on the last day of August, November, February, May hereafter occurring, if at such time the premium be unpaid."

The only question raised for decision is whether the policy in question can be held to be life insurance within the meaning of R. S. 1930 Supp. 40-410 and 40-411, extending the time of the policy for a grace period after notice of an intention to forfeit. This question was presented to the court in *Balch v. Life Insurance Co.*, 116 Kan. 560, 227 Pac. 326, where the contentions now urged by the plaintiff were considered and it was definitely determined that a health and accident policy similar to the one in question could not be regarded as a life insurance policy within the meaning of the statutes mentioned. In effect these sections provide that a life insurance company cannot forfeit a life insurance policy without giving notice to a holder of the policy of its intention to forfeit and cancel the same, and that after the giving of a notice of a purpose to forfeit and cancel the policy for nonpayment of a premium, the policyholder shall have thirty days after the notice to pay the premium and thus keep the policy alive. These provisions were held not to be applicable to accident policies like the one under which the plaintiff claims. The plaintiff's rights under that policy are therefore to be determined upon the terms and conditions of the insurance contract.

We see no reason to reopen and reconsider the question determined in *Balch v. Life Insurance Co.*, supra, and following that authority the judgment of the district court is affirmed.