17952

Hugh B. CULBRETH, Respondent, v. PRUDENCE LIFE INSURANCE COMPANY, Appellant

(127 S. E. (2d) 132)

*Messrs. William F. Prioleau, Jr.,* of Columbia, and *Rufus M. Ward,* of Spartanburg, *for Appellant,*

*Messrs. Butler, Chapman & Barnes,* of Spartanburg, *for Respondent,*

*Messrs. William F. Prioleau, Jr.,* of Columbia, and *Rufus M. Ward,* of Spartanburg, *for Appellant, in Reply.*

August 16, 1962.

LEWIS, Justice.

The defendant Prudence Life Insurance Company issued to the plaintiff under date of May 18, 1959, a policy of in-

surance under the terms of which it insured the plaintiff "for loss of life, limb, sight or time resulting from injury, and for loss of time caused by sickness". This action was brought by the plaintiff to recover benefits allegedly due under the policy for total disability due to sickness, and the defendant in its answer contested payment on the ground, among others, that the plaintiff had fraudulently misrepresented and concealed certain conditions of his health in the application for insurance. Counterclaim was also filed on the same ground to recover the amount of benefits previously paid by the defendant to the plaintiff under the policy. The plaintiff filed a reply to the answer and counterclaim in which it was alleged that the defendant was estopped by the provisions of Section 37-161 of the 1952 Code of Laws of South Carolina from contesting the validity of the policy for alleged falsity of statements made in the application for insurance since, admittedly, more than two years had elapsed from the effective date of the policy. The plaintiff moved at the same time to strike from the answer the foregoing defense and counterclaim interposed by the defendant. The defendant then moved to strike from the reply of the plaintiff the allegations thereof which plead the foregoing statute as a bar to the right of the defendant to contest the validity of the policy on the ground of alleged fraudulent misstatements in the application, contending that such defense was permitted by the provisions of Act No. 829 of the Acts of 1956, 49 Statutes at Large 2029 *et seq.,* particularly Section 2(c) (2) thereof (now Section 37-471.5 of the 1960 Cumulative Supplement to the 1952 Code of Laws). Upon hearing both motions, the lower court granted that of the plaintiff, holding that Section 37-161 was applicable to the policy involved in this action and barred contest of its validity by the defendant after two years from the date thereof. The matter is here on appeal by the defendant from such ruling by the lower court.

Disagreement arises between the parties as to the application of the foregoing statutory provisions to the policy in

question. Both statutes deal with the question of when and under what conditions certain policies of insurance become incontestable. Section 37-161 prohibits contest of policies of life insurance for misstatements in the application for insurance on the ground of fraud or any other reason after two years from the date of the policy; while the 1956 Act (Section 37-471.5) permits contest at any time of policies of accident and health insurance for *fraudulent* misstatements in the application. The defense under attack here is based upon the alleged fraudulent misstatements of the plaintiff. It is conceded that, if Section 37-161 applies to the present policy, the policy is now incontestable for fraudulent misstatements in the application for insurance and the lower court properly granted the motion of the plaintiff; but, if Section 37-471.5 applies, then the policy is contestable upon such grounds and the motion of the defendant should have been granted.

The contract in question is what is commonly referred to as a health and accident insurance policy. It provides for monthly payments in the event of disability of the plaintiff from accident or sickness and for certain payments in the event of confinement in a hospital, with waiver of premiums during total disability. If death results, from other than certain excepted causes, within ninety days from accidental injury the principal sum stated in the policy is payable and double the principal sum if death results from an automobile accident. An annual increase in the amount of death benefits is provided. In addition to the foregoing, benefits are provided for loss of limb or sight.

The question here concerns which of the two foregoing statutes applies to the policy in question, that is, whether Section 37-161 or 37-471.5.

Section 37—161 is as follows:

"All companies which issue a policy or certficate of insurance on the life of a person shall, after a period of two years from the date of such policy or certificate of insurance, be deemed and taken to have waived any right they may

have had to dispute the truth of the application for insurance or to assert that the assured person had made false representations and such application and representations shall be deemed and taken to be true. But when the age of the person insured, or of any other person whose age is considered in determining the premiums, has been misstated the company may at any time adjust any amount payable or benefit accruing under the policy to such as the premiums would have purchased at the true age or ages of such insured or other person.

. "When any such policy shall contain, in addition to life insurance, agreements for indemnity or benefits for disability or any other coverage, the provisions of this section shall apply to such agreements with the same force and effect as to the life insurance coverage of such policy."

The incontestable provisions of the foregoing section apply after two years from date to (1) any policy of insurance issued on the life of a person and (2) any policy issued for disability benefits or any other coverage when forming a part of a policy of life insurance. It was enacted in its original form in 1878. As originally enacted, the last paragraph, extending its application to disability and other agreements in life policies, was not included. In 1934 the case of *Love v. Prudential Insurance Co.*, 173 S. C. 433, 176 S. E. 333, was decided and involved a construction of the statute. That case involved a policy of life insurance with disability benefits and the action was to recover under the disability provisions. A defense was interposed based upon false statements in the application. In refusing a motion to strike such defense on the ground that the policy was in the incontestable period, the court held that the policy contained two separate contracts, one for life insurance and one for disability benefits, and that the statute at the time did not cover contracts issued for disability benefits. Obviously because of the decision in the *Love case,* the Legislature in 1941, after an unsuccessful attempt in 1935 (*Stewart v. W. O. W.*, 195 S. C. 365, 11 S. E. (2d) 449), amended Section 37—161 to its present form

by adding the last paragraph, making the incontestable provisions applicable to any policy issued for disability benefits or any other coverage *when forming a part of a policy of life insurance.*

In 1947 the Legislature enacted a comprehensive revision and codification of the statutory laws of this State relating to insurance, which is now Title 37 of the 1952 Code of Laws. Chapter 5 of this Title relates solely to "Accident and Health Insurance." In 1956, Act No. 829, *supra,* of the 1956 Acts was enacted by which the 1952 Code provisions as to "Accident and Health Insurance" were amended in several particulars, among them being the addition of what is now Section 37-471.5 of the 1960 Supplement to the Code, which is in part as follows:

"Time Limit on Certain Defenses: (a) After two years from the date of issue of this policy, no misstatements, except fraudulent misstatements, made by the applicant in the application for such policy shall be used to void the policy or to deny a claim for loss incurred or disability (as defined in the policy) commencing after the expiration of such two-year period. (The foregoing policy provision shall not be so construed as to affect any legal requirement for avoidance of a policy or denial of a claim during such initial two-year period, nor to limit the application of §§ 37—471.16 to 37—471.20 in the event of misstatement with respect to age or occupation or other insurance.) * * *

"(b) No claim for loss incurred or disability (as defined in the policy) commencing after two years from the date of issue of this policy shall be reduced or denied on the ground that a disease or physical condition, not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this policy."

The foregoing provision is required to be made a part of every health and accident insurance policy issued in this State, Section 37—471.3 of the 1960 Supplement to the 1952 Code, and was included as a part of the policy in this case.

We, therefore, have the two statutory provisions dealing with the incontestability of policies of insurance, Section 37-161 dealing with policies of life insurance, including disability provision or any other coverage when contained in such policy, and Section 37-471.5 dealing with accident and health policies. The plaintiff contends that, since the policy in question provides for accidental death benefits, it is to that extent insurance on life and falls within the incontestable provisions of Section 7-161. The defendant, on the other hand, contends that this is not a life insurance policy within the meaning of that statute, but an accident and health policy with accidental death benefits and is governed by the terms of the Code sections relating to that type insurance, including the incontestable provisions of Section 37-471.5.

It is clear that the Legislature in the revision of the insurance law in this State in 1947, and by the subsequent amendments thereto, recognized "Health and Accident Insurance" as a separate and distinct branch of the insurance industry, requiring special statutory treatment. In doing so, Section 37-471.5 was enacted in 1956 which permits the validity of health and accident insurance policies to be contested at any time for fraudulent misstatements in the application for insurance. There can be no doubt, and it is not contended otherwise, that Section 37-471.5 applies only to "Health and Accident Insurance" policies. Therefore, if the policy in question is one of health and acccident insurance within the meaning of our statutes which deal with such policies, then clearly it falls within the terms of Section 37-471.5 and is governed thereby.

The Legislature has not specifically defined either a life or health and accident insurance policy, but has recognized that there is a difference in the two by devoting Chapter 5 of Title 37 of the Code of Laws solely to the regulation of the issuance of "Health and Accident" policies of insurance. It is clearly recognized in Section 37-471.12 of Chapter 5, 1960 Cumulative Supplement to the Code, that health and

accident policies, in addition to disability coverage, may also provide accidental death benefits because, in such cases, the statute prescribes the mandatory policy provision for payment of claims for loss of life. We, therefore, have a clear statutory recognition that health and accident insurance policy may contain incidental benefits for accidental death and not lose its classification as health and accident insurance. This is simply a recognition by the Legislature of the generally accepted distinction between policies of life insurance carrying supplemental benefits and policies of health and accident insurance with provision for accidental death benefits. Showing further the legislative recognition of a distinction between such policies is the fact that in Section 37-460, as amended by the 1956 Act, it is provided that the statutory provisions relating to health and accident insurance in Chapter 5 of Title 37 shall not apply to or affect "(4) Life insurance, endowment or annuity contracts or contracts supplemental thereto which contain only such provisions relating to accident and sickness insurance as (a) provide additional benefits in case of death, dismemberment or loss of sight by accident or as (b) operate to safeguard such contracts against lapse or to give a special surrender value or special benefit or an annuity in the event that the insured or annuitant shall become totally and permanently disabled, as defined by the contract or supplemental contract".

Health and accident insurance is not life insurance within the generally accepted meaning of those terms as applied to the classification of insurance policies, although both may contain benefits for death resulting from accident. *Bowles v. Mutual Benefit Health and Accident Ass'n.,* 4 Cir., 99 F. (2d) 44, 119 A. L. R. 756; *Loades v. Woodmen Accident Co.,* 134 Kan. 337, 5 P. (2d) 798. The distinguishing feature, generally recognized, between such contracts is the risk primarily insured against. The difference is thus stated in 1 Appleman Insurance Law and Practice 468, Section 392: "The distinction is that in a life

policy, the death is the contingency primarily insured against, the accident being an incidental matter, whereas in an accident policy, the accident is the thing insured against, death, perhaps, being one of the contingencies upon which benefits are payable."

The foregoing distinction between life insurance and accident insurance is stated as follows in *Oglesby-Barnitz Bank & Trust Co. v. Clark,* 112 Ohio App. 31, 175 N. E. (2d) 98 :

"Life insurance generally includes the occurence of death by accident as one of the conditions which call for payment by the company, as well as death from other causes. Accidental death policies include only injuries by accident causing death, and to that extent they each provide insurance of life. Yet, neither of these two kinds of policies is for that reason brought within the same class of policy. In otherwords, in a policy of life insurance, death is the contingency insured against; and if it be the result of an accident, the accident is but an incidental factor; while in an accidental death policy, the accident causing death is the thing insured against, and the death is but one of the incidents which creats liability."

The risk primarily insured against in a health and accident policy and contemplated by our statutes dealing with such insurance, is disability resulting from sickness or accident, with benefits for loss of life from accidental injury only incidental thereto. The only insurance provided in the policy in question for loss of life is that resulting from accidental injury and in that respect only does it provide life insurance. The contingency primarily insured against is disability resulting from sickness or accident or accidental death benefits being incidental to the disability provisions.

The inclusion of accidental death benefits in the policy in question did not make it one of life insurance, so as to bring it within the incontestable provisions of Section 37-161 in view of the special provisions of Section 37-471.5 relating to health and accident insurance.

Whether Section 37-161 would have applied if Section 37-471.5 had not been enacted is beside the point. Both deal with the incontestability of policies of insurance. The former is a part of the general law relating to insurance. The latter deals specially with health and accident insurance policies and, if there be any conflict between the two statutes, the special statute must prevail. *Truesdell v. Johnson,* 144 S. C. 188, 142 S. E. 343; *Spartanburg County v. Pace et al.,* 204 S. C. 322, 29 S. E. (2d) 333; *South Carolina Electric & Gas Co. v. South Carolina Public Service Authority,* 215 S. C. 193, 54 S. E. (2d) 777. Effect may be given to both statutes by recognizing that Section 37-471.5 deals specifically with a class of insurance in which the present policy falls. When the Legislature classified health and accident insurance as a distinct type of insurance and enacted Section 37-471.5 to govern the incontestability of a policy of insurance of this class, Section 37—161 was to this extent superseded.

The right to contest the validity of the policy in question is governed by the provisions of Section 37-471.5. The lower court, therefore, erred in granting the motion of the plaintiff to strike the defense and counterclaim of the defendant based upon the alleged fraudulent misstatement of the plaintiff in the application for insurance.

Reversed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.