No. 46,647

Lloyd W. Shepard, *Appellant*, v. United States Fidelity and Guaranty Company, A Corporation, *Appellee.*

(504 P. 2d 228)

Opinion filed December 9, 1972.

*Charles S. Scott,* of Scott, Scott, Scott and Jackson, of Topeka, argued the cause and was on the brief for the appellant.

*Edwin D. Smith,* of Fisher, Patterson, Sayler and Smith, of Topeka, argued the cause and was on the brief for the appellee.

*Per Curiam:* Appellant sued for collision damages to his automobile under an insurance policy which had been issued for a term of one year from June 12, 1968, to June 12, 1969. The policy contained no provision for renewal. The premium was payable (and paid) in two installments.

The loss occurred on October 5, 1969, four months after the policy expiration date. At the time of the loss no renewal premium had been paid or tendered.

The premium for the policy term was paid one-half in June, 1968, when the policy was issued, and the other half in December. The defendant notified the plaintiff that the December installment was due and billed him for it prior to payment.

Reduced to its fundamentals (though he speaks in his petition in terms of cancellation) the appellant's claim is that he is entitled to have the policy considered as renewed because there was a custom, on which he relied, that the insurer would give notice that the policy was expiring and that it would be renewed for a stated premium, failing in which the insurer was estopped from denying liability beyond the term.

The appellant describes his position in terms of estoppel arising from the alleged custom and complains that the trial court, in granting summary judgment for the defendant did not give him

an opportunity to prove an existing custom and his right to rely on it.

We hold that where a policy of this kind was written for a definite term without any reference to a right of renewal the policy expired at the end of that term—in this case on June 12, 1969. Only by the tender of premium for an additional term and its acceptance by the insurer could the policy be continued in force beyond the initial term.

Accordingly, if the insurer followed a practice (as seems to be the case) of notifying its policyholders that their policies were about to expire and calling attention to the premium for a new policy, it must be considered as an act of courtesy to the insured and an estoppel cannot be based on that fact alone, as appellant contends.

The record shows no course of conduct between the parties which could support a claim of estoppel, and it is apparent that none could be shown.

Evidence of custom in an industry or profession is relevant only as an aid to construction of a contract otherwise in doubt, or as a basis for reading into the contract an implied provision beyond the expressed terms. There is no claim in this case that there was such a prevailing custom which could write into a definitely expiring policy an implied agreement for automatic renewal. Nor was there any applicable statute which could have had such effect. (Laws 1972, ch. 176, imposing certain limitations on the insurer's right to refuse renewal, was not in effect at the time this loss occurred. We express no opinion as to the result if it had been applicable.)

The rule of necessity of notice applicable to ordinary life insurance policies providing for a continuing annual premium does not apply. Cases from other jurisdictions which may seem to apply the doctrine of estoppel, arising merely from a practice of notification, to a fixed term liability policy are rejected as precedent.

We might add that even if there were otherwise grounds for invoking an estoppel theory, the appellant could hardly carry it so far as to give him immunity from the payment of a renewal premium for as long a period as four months. He was charged with knowledge of the expiration date of the policy he held and the necessity of tendering a premium for renewal, at least within a reasonable time, whether he had notice or not.

This decision is in keeping with what we deem to be the weight of authority and the better rule. See, *Peterson v. State Automobile Ins. Assn.*, 160 Neb. 420, 70 N. W. 2d 489; *Munro v. Boston Insur-*

*ance Co.,* 370 Mich. 604, 122 N. W. 2d 654; *Redeman v. Preferred Accident Ins. Co.,* 215 Wis. 321, 254 N. W. 515; 9 Couch on Insurance 2d, § 39:214. It is also consistent with our decision in *Loades v. Woodmen Accident Co.,* 134 Kan. 337, 5 P. 2d 798.

The judgment of the lower court is affirmed.

PRAGER, J., not participating.