**397**

**AVEMCO INSURANCE COMPANY, Plaintiff,**

v.

**MEDICALODGES, INC., Defendant.**

**Civ. A. No. 88–1330–T.**

United States District Court,
D. Kansas.

Oct. 30, 1990.

Ronald P. Williams, Morrison, Hecker, Curtis, Kuder & Parrish, Wichita, Kan., for plaintiff.

Garen L. Cox, Medicalodges, Inc., Coffeyville, Kan., Scott J. Gunderson, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., for defendant.

MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is a declaratory judgment action under 28 U.S.C. § 2201 brought by plaintiff-insurer seeking to declare that its insurance policy issued to defendant does not provide coverage for damages sustained by defendant's insured aircraft. Jurisdiction in this case is based upon diversity of citizenship, and the parties agree that Kansas law applies. The pertinent facts are undisputed.

AVEMCO issued a non-commercial insurance policy on a 1977 Model Cessna 182 Aircraft owned by Medicalodges. This policy was effective for the period from December 1, 1986 until December 1, 1987. The policy provides: "If we decide not to renew this Policy, we will mail you a notice of nonrenewal.... If we offer to renew and you do not pay the renewal premium, you have declined our offer." The policy further provides: "This Policy does not cover bodily injury, property damage or loss ... (2) Arising out of (a) the starting of an engine of your insured aircraft unless an aircraft pilot or mechanic is seated at the controls...." On or about November 9, 1987, defendant received an invitation for renewal from plaintiff. On December 11, 1987, the aircraft was damaged during the starting of its engine. Neither a pilot nor a mechanic was seated at the controls of the aircraft at the time of the starting of the engine. On December 19, 1987, defendant sent to plaintiff the premium for renewal of policy, backdating the renewal check to December 1, 1987. Plaintiff denied liability for the accident in a letter to defendant dated January 13, 1988:

As a follow up to my letters dated December 16, 1987 and December 28, 1987, I would like to take this opportunity to formally advise you that AVEMCO Insurance Company is denying coverage for the incident which occurred on December 11, 1987. The specific reason that we are relying upon (denying coverage) is that the policy had expired on December 1, 1987, and was not in force on the 11th.

By stating its reason for denying coverage, AVEMCO Insurance Company shall not be construed to waive its rights to raise other coverage issues and specifically reserves the right to raise the fact that this loss appears to have occurred as a result of the engine of the insured aircraft starting without a pilot or mechanic seated at the controls. Such activity was excluded under the existing policy.

Dkt. 30, Eht. C.* Based on these facts, both parties have moved for summary judgment.

The court is familiar with the standards governing the consideration of a motion for summary judgment. The Federal Rules of Civil Procedure provide that summary judgment is appropriate when the documentary evidence filed with the motion "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Plaintiff presents two arguments as a basis for denial of liability on its policy.

First, it contends that the aircraft was not insured on the date of the accident because defendant failed to renew its policy before December 1, 1987—the date of the policy's expiration. Alternatively, plaintiff argues that it incurred no liability by virtue of the policy provision excepting coverage for accidents arising out of the starting of the engine without a pilot sitting at the controls.

The parties focus most of their efforts on the first argument, which appears to present an issue of interpretation regarding the time period for which the policy extended its offer to renew. "As a general rule, the construction and effect of a written contract of insurance is a matter of law to be determined by the court. If the facts are admitted, then it is for the court to decide whether they come within the terms of the policy." *American Media, Inc. v. Home Indemnity Co.,* 232 Kan. 737, syl. ¶ 3, 658 P.2d 1015 (1983). Defendant urges that the time period for renewal of the policy is not specified in the contract, and that the court should therefore interpret this ambiguous provision against plaintiff. *See Heinson v. Porter,* 244 Kan. 667, 672, 772 P.2d 778 (1989); *Lightner v. Centennial Life Ins. Co.,* 242 Kan. 29, 744 P.2d 840, syl. ¶ 7 (1987) (insurance contracts should be liberally construed against the insurer). The court agrees that the time period for renewal does appear to be ambiguous. Because of this ambiguity, defendant argues that the court should impose an implied term of tendering the premium for renewal "within a reasonable time." *See Shepard v. United States Fidelity & Guaranty Co.,* 210 Kan. 652, 653, 504 P.2d 228 (1972); *Restatement (Second) of Contracts* § 41 (1981). Accepting defendant's invitation to impose such a term, the court nonetheless finds that defendant did not accept plaintiff's offer for renewal within a reasonable time. The circumstances of this case demonstrate that defendant was inclined to accept plaintiff's offer of renewal only as a result of the aircraft accident for which coverage is

---

* Because the court relies on this matter outside the pleadings in ruling on the present motion, the court construes plaintiff's motion for judg- ment on the pleadings as one for summary judgment. Fed.R.Civ.P. 12(c).

sought. Although a delay of this length under different circumstances might be acceptance within a reasonable time, the court has no difficulty in concluding that defendant's acceptance after the accident simply came too late.

The court also finds plaintiff's second argument to be meritorious. Defendant does not dispute that this accident comes within the terms of the provision under which liability is excepted for accidents arising during the starting of the engine when no pilot is at the controls. Instead, defendant maintains that plaintiff has waived reliance on this provision by failing to assert this defense unreservedly when it initially denied liability.

Generally, waiver and estoppel may not be used to expand the coverage of an insurance contract. *Topeka Tent & Awning Co. v. Glen Falls Ins. Co.*, 13 Kan.App.2d 553, 555–56, 774 P.2d 984 (1989). *But see Heinson v. Porter*, 244 Kan. 667, 673, 772 P.2d 778 (1989) (under all the circumstances, court could find that insurer was estopped to deny coverage for matters outside the scope of coverage). In reliance on this rule plaintiff cites to *Hennes Erecting Co. v. National Union Fire Ins. Co.*, 813 F.2d 1074 (10th Cir.1987). In *Hennes*, the court considered whether the insurer had waived reliance on a specific exclusion provision in the policy by failing to mention this provision when it had originally rejected the insured's claim. The court rejected the insured's attempts to eliminate the exclusion provision from the policy, reciting the general rule that "waiver cannot be used to expand the coverage of an insurance contract." *Id.* at 1078. The court also distinguished this rule from those Kansas cases establishing the principle that "an insurer, basing a refusal to pay a loss entirely on one ground of forfeiture, could not then maintain a defense of forfeiture based [upon] the violation of another policy provision." *Id.* at 1079–80 (citing cases).

The facts establish that this case does not come within the rule applied in *Hennes*. Unlike the insurer in *Hennes*, plaintiff does not deny that this accident would normally be covered under the policy. Conversely, defendant-insured does not seek to expand coverage to occurrences not normally covered by the policy. Rather, defendant attempts to preclude reliance on the forfeiture provision of the policy by relying upon plaintiff's failure to disclaim liability affirmatively and unreservedly based on this provision. As the court recognized in *Hennes*, an insurer who initially disclaims liability based on one forfeiture provision in a policy may not later maintain a defense afforded by a different forfeiture provision. Thus, the only question is whether plaintiff waived reliance on the "pilot" forfeiture provision based on its initial disclaimer of liability.

An insurer is estopped from denying liability under a policy on the ground that the insured breached a noncoverage clause, unless the insurer "gives notice of its right to set up the defense of noncoverage under an adequate and proper non-waiver and reservation of rights notice to the insured." *Henry v. Johnson*, 191 Kan. 369, 376, 381 P.2d 538 (1963); *see also North River Ins. Co. v. Huff*, 628 F.Supp. 1129, 1134 (D.Kan. 1985) (insurer's failure to assert its defenses within a reasonable time estopped it from raising these additional matters). The essence of defendant's argument is that plaintiff may not deny liability based on defendant's admitted breach of "pilot" provision because plaintiff only reserved this right and did not rely on it as its primary defense in the January 13 reservation letter.

This argument is meritless. Plaintiff was not required to state that it was affirmatively relying on the defense of defendant's breach of the noncoverage clause. Under Kansas law, notice to the insured of the reservation of the right to assert a specific defense is adequate. The January 13 reservation of rights letter expressly states that plaintiff "*specifically* reserves the right to raise the fact that this loss appears to have occurred as a result of the engine of the insured aircraft starting without a pilot or mechanic seated at the controls." (emphasis added). The court can scarcely imagine a more express reservation of rights. Further, plaintiff notified defendant of its reservation of this right

less than one month after this accident—thus fulfilling its duty to make a timely disclaimer based on specific grounds. *See Huff,* 628 F.Supp. at 1134. Because defendant does not deny that this accident comes within the terms of the forfeiture provision, and because plaintiff made a valid disclaimer of liability based on this provision, summary judgment in plaintiff's favor is appropriate.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for judgment on the pleadings, or alternatively for summary judgment, (Dkt. 23) be granted.